CHARLES H. B. ROUSS, PLAINTIFF IN ERROR, V. LUTHER R. WRIGHT ET AL., DEFENDANTS IN ERROR.

1. **Attachment: RIGHT TO ISSUE.** An affidavit for attachment before a justice of the peace containing as a statement of the plaintiff's cause of action, "that the said claim in said action is for damages in not delivering goods purchased," does not show that the case is for a debt or demand arising upon contract, judgment, or decree, and does not authorize the issuance of an attachment against a foreign corporation or a non-resident of the state.

2. **Action against Justice of the Peace.** In an action against a justice of the peace for wrongfully issuing an attachment against a non-resident of the state, the bill of particulars in the attachment case, read as evidence to the jury, was, in substance, "To damages by delay in receiving goods bought of defendant, and for delay caused by wrong shipment." And the affidavit for attachment was also read in evidence, in which the plaintiff's claim was stated as "for damages in not delivering goods purchased." *Held*, that an instruction to the jury that "there is no evidence introduced tending to show that defendant Wright acted negligently, wantonly, and corruptly in issuing said order of attachment," was erroneous.

THIS was an action brought in the district court of Douglas county against Wright, as a justice of the peace, and the sureties on his official bond, for the wrongful issuance of an attachment. Judgment below in favor of defendants, before NEVILLE, J., and cause brought here for review on a petition in error.

*Warren Switzler* and *Charles R. Redick*, for plaintiff in error.

1.   The justice is liable where he acts beyond the limit of jurisdiction given him by law, either as regards the subject matter, person, or mode of proceeding.   Cooley on Torts, 417.   Swan's Justice, 10, 20.   Hilliard on Torts, 185.   Addison, 966.   *Little v. Moore*, 4 N. J. Law, 74. *Hall v. Rogers*, 2 Blackf., 429.   *Truesdell v. Combs*, 4 Gray, 83.   *Adkins v. Brewer*, 3 Cow., 208.

2.   Justice has no power to issue an attachment on a claim for unliquidated damages.   Civil code, § 198.   Drake, §§ 14, 15, 17.   *Handy v. Brong*, 4 Neb., 60.   *Ellist v. Jackson*, 3 Wis., 649.   *Strock v. Little*, 45 Penn. State, 416.   *McKean v. Turner*, 45 N. H., 203.

3.   Bond is conditioned for "faithful performance of duties."   Gen. Stat., 99.

4.   In determining whether the claim is one for breach of contract and for an ascertained amount, or whether for unliquidated damages, the bill of particulars in the attachment case, the affidavit, and defendant Wright's knowledge of the facts should be taken together.

*Simeon Bloom* and *W. J. Connell*, for defendants in error.

This is not an action on an attachment bond for the wrongful issue of an attachment.   The cases cited by plaintiff's counsel upon this branch of the subject as presented by them are therefore not applicable to the consideration of the matter herein involved.   The attachment issued in this case could be sustained if a contest had arisen upon motion to vacate and dissolve the same.   *Foundery v. Hovey*, 21 Pick., 455.   *Lenox v. Howland*, 3 Caines, 323.   *In re Marty*, 3 Barbour, 229.   *Jones v. Buzzard*, 2 Arkansas, 415.   *Bausman v. Smith*, 2 Indiana, 374.   *Roelofson v. Hatch*, 3 Michigan, 277.   *Humphreys v. Mathews*, 11 Illinois, 471.   Certainly when the highest courts in the land have entertained diverse views on this proposition, a

mere justice of the peace, not required under the law to be trained and educated in legal knowledge, should not be subjected to a liability on his bond for what, at the most, can be regarded only as a doubtful error of judgment. The affidavit in attachment is the basis for issuance of the writ. If sufficient appear upon the face of the affidavit to constitute a *prima facie* compliance with the statute, then no right of action arises against the justice on his official bond. The authorities cited by plaintiff are not applicable.

COBB, J.

In its third instruction the court informed the jury "that the claim upon which the attachment was based was one arising upon contract, and that the affidavit filed in said Wright's court upon which said order of attachment was based, gave said Wright jurisdiction to issue said order."

The following is a copy of the bill of particulars referred to as "the claim upon which the attachment was based."

"Isaac Levy vs. C. H. B. Rouss. } In justice court of Luther R. Wright.
Bill of particulars.

Plaintiff's claim.

"To damages by delay in receiving goods bought of C. H. B. Rouss, and for delay caused by wrong shipment, sixty dollars."

And the following is a copy of the substantial part of the affidavit:

"Isaac Levy being first duly sworn, deposes and says that he is the plaintiff in the above entitled action, and that the claim in said action is for damages in not delivering goods purchased, that the said claim is just, and this affiant believes that said plaintiff ought to recover the sum of $60 thereon. Affiant further says that the said defendant is a non-resident of the state of Nebraska."

The clause of the statute especially applicable to the case is in the following words: "When the defendant is a foreign corporation or a non-resident of the state, the attachment shall not be granted unless the claim is for a debt or demand arising upon contract, judgment, or decree." Code, § 198. The defendant in the attachment case being a non-resident of this state the jurisdiction or right or the part of the justice of the peace to proceed against him depended upon two facts, the absence of either one of which would render the proceeding illegal. 1. The defendant must have property in this state within the jurisdiction of the court, which must have been seized or levied upon by the officers of the court, otherwise no constructive service, by publication or otherwise, would be sufficient to give the court jurisdiction in the case. 2. The *claim* must have been "for a debt or demand arising upon contract, judgment, or decree," otherwise no attachment can be granted to give a justice jurisdiction by any character of service.

It is not denied that the plaintiff in this suit (defendant in the said attachment suit) was a non-resident of this state, nor that he had property in this state within the jurisdiction of the said justice. The case must therefore turn upon the question, Was the claim for a debt or demand arising upon contract, judgment, or decree?

The words "contract," "judgment," or "decree," are neither of them used, either in the bill of particulars or the affidavit for attachment, nor do I think that any equivalent language is used. "To damages by delay in receiving goods bought of C. H. B. Rouss and for delay caused by wrong shipment   *   *  " is the language of the bill of particulars, and "for damages in not delivering goods purchased," is that of the affidavit. As I understand this language, it not only fails to charge a breach of contract, but does in effect charge a tort. But the court, when delivering its charge to the jury, had before it the whole tes-

Rouss v. Wright.

timony in the case; and while it is not claimed that the justice may look elsewhere than to the statement of the plaintiff's claim, as contained in his affidavit for the attachment, for the grounds of his jurisdiction, yet, if upon the evidence in the case it appeared that the plaintiff's claim was for a debt or demand founded on contract, judgment, or decree, a court would hesitate to hold a want of jurisdiction on account of a faulty bill of particulars and affidavit. But an examination of the bill of exceptions fails to show that there was any pretense of contract between the plaintiff and defendant in said action out of which any cause of action could have arisen, but on the contrary shows the said parties to have been utter strangers to each other. I reach the conclusion therefore that the court erred in giving its third instruction to the jury.

The court also gave to the jury as its fourth instruction, the following: "4. You are instructed that there is no evidence introduced tending to show that defendant Wright acted negligently, wantonly, and corruptly in issuing said order of attachment."

In this instruction I think there is error. While I do not say that there is any evidence tending to show that the said justice (defendant) acted corruptly, nor I might say wantonly, in issuing said attachment, the papers themselves contain plain evidence of negligence in the issue of said attachment, and if by his negligence the defendant issued the attachment in a case prohibited by statute, it needs not that he should have done it corruptly or even wantonly to render him liable for the damages caused thereby.

Proceeding by attachment is a harsh remedy given by statute in certain specified cases. By its means, the private property of an alleged debtor may in such cases be seized in advance of a judgment or trial and held to abide the result of a suit. The law has thus invested certain officers with the power to issue a writ authorizing the seizure and holding of one man's property for an indefinite time to

answer to the unproved claim of another. But it has limited the exercise of this power to certain clearly defined cases. While these officers confine themselves to these cases the law protects them even against their own mistakes and errors of judgment, but when they step outside of the circle of duty thus drawn by the letter of the statute, they must answer in damages to such individuals as may suffer from such unauthorized act. "Every judicial officer," says Cooley in his work on Torts, p. 416, "whether the grade be high or low, must take care before acting to inform himself whether the circumstances justify his exercise of the judicial function   *   *   *   The officer is to judge in the cases in which the law has empowered him to act, and in respect to persons lawfully brought before him; but he is not judge when he assumes to decide cases of a class which the law withholds from his cognizance, or cases between persons who are not either actually or constructively before him for the purpose   *   *   *   "

It is not deemed necessary here to enter into a vindication of the law, or a defence of the decisions from the charge of inconsistency, in holding officers of inferior courts and tribunals responsible for certain acts, done under color of law, while those of the higher courts are relieved of such responsibility. Such charge, when occasion may arise for its examination, will be found to be without substantial foundation.

The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.