LEVI C. HART, PLAINTIFF IN ERROR, v. NELSON
BARNES, DEFENDANT IN ERROR.

1. **Contract:** BREACH. When a person undertakes any employ-
ment, trust, or duty, he thereby in contemplation of law im-
pliedly contracts with those who employed him to perform that
which he has undertaken with integrity, diligence, and skill;
and if he fails to do so it is a breach of contract.

2. ———: RIGHTS OF ACTION UNDER THE CODE. In cases of bail-
ment at common law, there has always been a choice of forms of
action, between actions on the case and assumpsit. Case lies for
breach of duty, and assumpsit for breach of promise. A duty
arises out of a promise, and the law implies a promise out of
most duties. The code, while abolishing the forms of action
has preserved to a suitor all the rights and remedies known to
the law. Therefore, if a promise is implied, either from a
breach of duty or from the undertaking of the defendant, an
attachment in a proper case will lie.

3. **Attachment:** AFFIDAVIT. The affidavit for an attachment
must show "the nature of the plaintiff's claim." If the claim
appears in the affidavit to be one for which an attachment may
issue, but the statement is not as full as may be desired, refer-
ence may be had to the petition.

ERROR to the district court for Merrick county. Tried
below before POST, J.

*John Patterson* and *Lee & Thompson,* for plaintiff in
error, cited: Sec. 198, Code. *Bank v. Fonda,* 32 N. W.
R., 664. *Livingston v. Coe,* 4 Neb., 381. *Dorrington v.
Minnick,* 15 Id., 397. 4 Wait's Action and Defenses,
472, and cases cited.

*A. Ewing* and *J. W. Sparks,* for defendant in error,
cited: *Handy v. Brong,* 4 Neb., 60. *Rouss v. Wright,* 14
Id., 457. Maxwell's Pl. and Pr., 492. 1 Wade Attach-
ments, 22. *Elliott v. Jackson,* 3 Wis., 571.

MAXWELL, J.

The plaintiff brought an action against the defendant in the district court of Merrick county to recover the sum of $9,221.33, and made and filed an affidavit for an attachment against the property of said defendant. An attachment was thereupon duly issued, and levied on the defendant's property. The attorney for the defendant thereupon filed a motion to dissolve the attachment, for the following reasons: "First, that the cause of action is not one in which the law allows an attachment.

"2d. Because the facts stated in the affidavit are not sufficient to justify the issuing of the same.

"3d. Because the statements of facts in said affidavit are untrue."

This motion after due notice was submitted to one of the judges at Columbus, and the attachment discharged.

In sustaining the motion the judge filed a written opinion, which is now before us, in which he sums up the reasons for discharging the attachment as follows: "My conclusion is, therefore, that the attachment should be discharged for the reasons—*first*, That the cause of action set out in the petition is for a tort and cannot be aided by the provisional remedy of attachment. *Second*, That the affidavit is not sufficient to authorize the attachment because it does not appear therefrom that the action is upon contract. The conclusion renders it unnecessary to discuss the testimony in the case. In fact I have had no time to read over the numerous affidavits filed by both sides."

It will be observed that the decision is predicated on two grounds. 1st, That the cause of action stated in the petition is for a tort, and therefore an attachment will not lie; and 2d, That the affidavit for an attachment fails to show that the action is founded upon contract.

The petition is as follows: "The plaintiff complains of the defendant for that said defendant is indebted to said

plaintiff in the sum of $9,221.33, for so much money received from said plaintiff, in the amounts and at the dates and upon the terms and conditions herein named, to-wit: On the 18th day of January, A.D. 1886, $1,500; on the 8th day of April, A.D. 1886, $2,000; on the 19th day of April, A.D. 1886, $2,000; on the 24th day of April, A.D. 1886, $500; on the 15th day of March, A.D. 1887, $1,500; said several named sums were received by said defendant from said plaintiff to be loaned by said defendant for said plaintiff, and for the use and benefit of said plaintiff, and at the expiration of each loan so made by said defendant, and upon payment thereof to said defendant, he, the said defendant, was to pay the same to said plaintiff or reloan the same as plaintiff might direct.

" Plaintiff further alleges that said defendant did not loan said sums of money as agreed upon for the use and benefit of said plaintiff, but applied and appropriated the same to the use and benefit of the said defendant, and refuses to pay the same to said plaintiff, though often requested so to do.

"Plaintiff further alleges that no part of said sums has been paid, and there is now due from the defendant to the plaintiff the sum of $9,221.33, with interest thereon from the 28th day of February, A.D. 1888, at 7 per cent per annum, wherefore plaintiff prays judgment for said sum of $9,221.33, and interest and costs of suit."

The affidavit for an attachment is as follows: " Levi C. Hart, being first duly sworn, deposes and says that he has commenced an action against Nelson Barnes in the district court of Merrick county, Nebraska, to recover the sum of $9,221.33, now due and payable to the plaintiff from the defendant on account for money had and received. Affiant further says said claim is just, and that he ought as he believes to recover thereon the sum of $9,221.33 and interest from the 28th day of February, 1888, at 7 per cent per annum, and that the defendant is about to convert his

property or a part thereof into money for the purpose of placing it beyond the reach of his creditors, and has property and rights in action which he conceals, and has assigned, removed, and disposed of a part of his property with intent to defraud his creditors."

In this state an attachment cannot be issued in an action for a mere tort, as by setting out fire whereby the property of another was destroyed. *Handy v. Brong,* 4 Neb., 60. And it must appear upon the face of the affidavit for an attachment that the debt or demand arises upon contract, express or implied. *Rouss v. Wright,* 14 Neb., 457. In other words, the relation of debtor and creditor must exist between the plaintiff and defendant to authorize the issuing of an attachment. The reason is very clearly stated by Judge Gantt, in *Handy v. Brong, supra,* quoting from *Hynson v. Taylor,* 3 Ark., 556, as follows: " Throughout the whole statutory provisions regulating the mode of proceeding by attachment we find the words creditor, debtor, and debt, showing clearly that the relative character of creditor and debtor must have existed at the time; and that the remedy is confined exclusively to actions *ex contractu,* and that by no reasonable construction can it be made to apply to torts."

And in *Minga v. Zollicoffer,* 2 Ired., 279, the language used is, "that neither in common parlance nor in legal proceedings is a mere wrong-doer designated as a debtor, nor his responsibility for the wrong classed under the denomination of debts. Debts are the creatures of contracts, and the language of these acts must be exceedingly strained to bring within their operation claims arising not from contract, but from tort."

The cases cited, in our view, state the law correctly, and will be adhered to.

Do the petition and affidavit for an attachment in this case show that the cause of action arises upon contract?

When a person undertakes any employment, trust, or

50

duty, he thereby in contemplation of law impliedly contracts with those who employ him to perform that which he has undertaken with integrity, diligence, and skill; and if he fails to do so it is a breach of contract, for which a party may have an action. *Railroad v. Peoples,* 31 Ohio State, 543. At common law, in case of bailment, there has always been a choice of forms of action between actions on the case and assumpsit, which is itself really an action on the case. Case lies for breach of duty, and assumpsit for breach of promise. A duty arises out of a promise, and the law implies a promise out of most duties. *The Farmers National Bank v. Fonda,* 32 N. W. R., 665. The code has simplified the forms of procedure, and provides but one form known as a civil action, but has not changed the rights and remedies of the common law. *Wilcox v. Saunders,* 4 Neb., 587. Therefore, if the law will imply a promise, either from a breach of duty on the part of the defendant, or from his having undertaken to repay the money, the action will be treated as arising *ex contractu.* The subject was carefully considered by the supreme court of Michigan, in *Farmers Nat. Bank v. Fonda, supra,* under a statute substantially the same as our own, and it was held that an attachment would lie against the property of the defendant who had embezzled the goods and chattels of the plaintiff while in its employment. *Western Assurance Co. v. Towle,* 26 N. W. R., 104.

The petition very clearly sets forth a cause of action arising upon contract. It is alleged that "said several named sums were received by said defendant from said plaintiff, to be loaned by said defendant for said plaintiff, and for the use and benefit of said plaintiff." There is also an allegation that the defendant was to repay said money or reloan the same for the plaintiff. If the allegations of the petition are true, the defendant received the several sums of money set out in the petition for the purpose of loaning the same for the plaintiff. He assumed that duty, and

upon his failure to perform either his agreement or duty, or both, he thereby violated his contract with the plaintiff.

2. The cause of action is not stated as fully in the affidavit for an attachment as is desirable perhaps, but sufficient appears to show that the cause of action arises upon contract. It is not necessary in the affidavit for an attachment to set forth at length the cause of action. It is sufficient to state the nature of the plaintiff's claim. This must appear to arise *ex contractu*, but where the statement is not as full as may be desired, reference may had to the petition. This action evidently is founded upon contract, and as the alleged conversion of the money by the defendant would only be accomplished by a breach of promise and breach of duty, the action is one for which an attachment will lie. It follows that the judgment of the district court must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.