RUDOLPH R. GROTTE V. SIEGFRIED NAGLE ET AL.

FILED JANUARY 19, 1897. No. 6972.

1. **Pleading**: LEAVE TO AMEND: ITEMIZED STATEMENT. A motion was made, and sustained, that plaintiff be required to attach to his petition an itemized statement of the account for goods sold and delivered, the basis of the action. The plaintiff filed an amended petition, which declared on an account for money loaned. A motion to strike the amended petition was filed, one of its grounds being plaintiff's non-compliance therein with the order of the court in regard to the itemized statement. This last motion was overruled. *Held,* That such action was equivalent to leave granted to file the amended petition.

2. ————: AMENDMENTS: WAIVER OF OBJECTIONS. A motion to strike an amended petition from the files on the ground that it declared upon or introduced a cause of action new and different from that pleaded in the original petition was overruled. The defendant then answered to the merits of the action set forth in the amended petition and participated in a trial thereof. *Held,* That the right to further complain that a new cause of action was set forth in the amended petition was waived.

3. **Attachment Affidavit.** An attachment affidavit must contain a statement of "the nature of plaintiff's claim." (Code of Civil Procedure, sec. 199.)

4. ———. A statement in such an affidavit for attachment that the action is one "upon an account for goods sold and delivered by plaintiff to defendant at his request" was sufficient to show that the action was one in which an attachment might issue and to give the court jurisdiction of the attachment suit. The statement that it was on an account was a general description of the plaintiff's claim, and the further words which we have quoted served to designate the kind of an account.

5. ———: REFERENCE TO PETITION. If the claim appears from the statements of the affidavit to be one for which an attachment is authorized, but its nature is not fully set forth, reference may be had to the petition. (*Hart v. Barnes*, 24 Neb., 782.) RAGAN, C., dissenting.

6. ———: PETITION: VARIANCE. Where an attachment affidavit varies from an amended petition in the statement of the specific kind of an account in suit, and the defendant, by answering the amended petition and taking part in a trial of the issues joined, has waived the right to further object to the error, if any, in allowing the amended petition to be filed, in which it was claimed that a new cause of action was introduced, in that in the amended petition an account different in its particular character from that pleaded in the original petition was declared upon, *held*, that inasmuch as a reference to the petition would disclose the precise nature of the account, and hence the action could be pleaded in bar of a second attachment on the same account, the court did not err in overruling a motion to discharge the attachment on the ground, in substance, that it did not state the nature of plaintiff's claim as contained in the amended petition.

7. ———. It is required in section 199 of the Code of Civil Procedure that in an attachment affidavit there should be set forth "the amount which the affiant believes the plaintiff ought to recover." *Held*, That a slight variance in the amount stated and that actually due is immaterial, and not a fatal defect in the affidavit.

8. Attachment: UNMATURED CLAIM. It is not ground for the discharge of an attachment that some portion of the sum stated in the affidavit is not due.

9. ———: ———: PROOF. The proof in the attachment suit adjudged sufficient to support the finding of the court sustaining the attachment.

10. ———: ———: DISMISSAL. It appeared that one item in the suit, as to which there was a distinct paragraph, separately numbered, in the petition, was not due at the time the action was commenced. *Held*, That the court did not err, at the time of rendering judgment, in sustaining a motion by plaintiff to dismiss the suit as to such item, without prejudice.

11. Pleading: AMENDMENT. An amendment of a pleading to conform

to proof *held* proper in view of the facts in regard to such item, as disclosed by an examination of the petitions in the action.

12. **Reference:** ADDITIONAL FINDINGS. The action of the trial court in returning the case to the referee for further finding in respect to the item as to which the petition was allowed to be amended to conform to the proof, and the reception of a supplemental report containing such finding and its consideration in the final settlement of the issues, approved.

13. ——— : ———. The evidence adjudged sufficient to sustain the findings and judgment.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J. *Affirmed.*

*Montgomery, Charlton & Hall,* for plaintiff in error.

*Joel W. West* and *Charles Ogden, contra*

HARRISON, J.

The defendants in error (hereinafter styled the plaintiffs) commenced this action against the plaintiff in error (hereinafter designated defendant) in the district court of Douglas county to recover the sum of $———, alleged to be the plaintiffs' due as the result of certain business transactions between the parties. An affidavit was filed and a writ of attachment procured to issue, which was levied on a stock of liquors, etc., as property of the defendant. After issues joined the case was referred, and the referee heard the testimony and filed his report, and, subsequently, what was known in the record as a "supplemental report." The court, after hearing on the exceptions of the defendant to the reports of the referee, overruled the objections, confirmed the reports, and rendered judgment for the plaintiffs. During the pendency of the action a motion to discharge the attachment was filed for defendant, and, on hearing, was overruled. By leave of court a second motion was filed to discharge the attachment, of which, on hearing, a similar disposition was made as had been of the first. In the original petition filed in the action the declaration of the plaintiffs' cause

was "that on or about the —— day of ——, 1891, plaintiffs sold and delivered to the defendant, at defendant's special instance and request, goods, wares, and merchandise aggregating in value the sum of $7,500, and at the agreed price of $7,500." To this counsel for defendant filed a motion that plaintiffs be required to make the petition more definite and certain, by attaching thereto an itemized statement of the goods alleged to have been sold to defendant. This motion was sustained, and leave granted plaintiffs to file an amended petition. What was marked an "amended petition" was filed, in which the cause of action was stated to be for money loaned to defendant, at times specified. Counsel for defendant moved the court to strike the pleading denominated an "amended petition" from the files, for the reason that it was not a compliance with the order of the court, but by its allegations sought to substitute a new cause of action, other and different, and in place of that originally pleaded. On hearing, the court overruled this motion. After motion filed to require the amended petition to be made more definite and certain a second amended petition was filed, in which the burden of the charge was for money loaned to defendant. To this defendant filed an answer, to which there was a reply, and of the issues joined a trial, as we have hereinbefore stated.

It is urged that the court erred in not sustaining the defendant's motion to strike the first amended petition from the files, first, because it did not comply with the order of the court, which was that an itemized statement of the goods alleged in the original petition to have been sold to defendant should be thereto attached; and second, for the reason that it was not an amendment of the petition, but declared upon a new and independent cause of action. In regard to the first, it may suffice to say that the action of the court in overruling the motion to strike, to the extent it involved this reason, was equivalent to a grant of leave to file the amended petition, for it allowed it to remain on file as an authorized pleading. On the

second ground on which it was sought to strike the amended petition from the files, it must be said that the point raised, that the pleading which it was sought to eliminate from the record was based upon a new cause of action, independent of that stated in the original petition, we need not discuss or settle, for when the defendant's motion to strike out on this ground was overruled, and he pleaded and finally answered to the merits and participated in the trial of the issues presented, his actions constituted a waiver of the right to further complain that the amended petition was (if such was the fact) an attempt to substitute or introduce a new cause of action. (1 Ency. Pleading & Practice, 573; *Sauter v. Leverridge*, 15 S. W. Rep. [Mo.], 981, 103 Mo., 615; *Evens v. Hall*, 1 Handy [O.], 434; *Glover v. Flowers*, 7 S. E. Rep. [N. Car.], 579, 101 N. Car., 134; *Bachop v. Hill*, 54 Vt., 507; *Snyder v. Harper*, 24 W. Va., 212.)

It is contended that the first motion to dissolve the attachment should have been sustained: "First, because no affidavit was filed with the amended petition, nor was the original affidavit amended to conform to the allegations contained in such amended petition; second, because the affidavit did not state the exact amount which the plaintiffs demanded, as set forth in the amended petition; and third, because the evidence adduced on the hearing of the motion to dissolve the attachment did not disclose a state of facts sufficient to sustain the attachment." Under the head of the division of argument designated "First" is presented the question of the sufficiency of the statement in the attachment affidavit of "the nature of the plaintiffs' claim," that this shall be stated in the affidavit, being one of the requirements of the statute. (Code of Civil Procedure, sec. 199.) The affidavit in attachment, in this particular, was as follows: "Upon an account for goods sold and delivered by the plaintiffs to defendant, at his request." This was a description of the nature of the plaintiffs' claim which warranted the proper officer in issuing the writ of attachment, and suffi-

cient to give the court jurisdiction in the attachment proceedings. (*Tessier v. Reed*, 17 Neb., 105; 1 Shinn, Attachment & Garnishment, p. 225; *Theirman v. Vable*, 32 Ind., 400.) The general nature of the claim was set forth in the words "on account," and disclosed, without other or further statement, that the cause of action was one on which an attachment might issue. If there had been nothing more in the affidavit in regard to the nature of the claim, reference might have been made to the petition, and if a sufficient statement appeared in it, the attachment affidavit should have been upheld as sufficient in its allegations of the nature of the claim.

In the decision of the case of *Phelps v. Young*, Breese [Ill.], 327, it was said: "The proceeding must be considered as one against a non-resident debtor, and all the forms of the statute appear to have been complied with, unless the affidavit upon which the attachment was sued out should be defective in not sufficiently specifying the nature of the indebtedness. The statute requires that the plaintiff in the attachment shall specify in his complaint, on oath or affirmation, the amount and nature of the indebtedness of the defendant. The deposition sets out that Phelps is justly indebted unto the plaintiff in the sum of fourteen hundred dollars, by his certain instrument of writing, signed by him, and the question is thus presented for determination whether this is the description or specification intended by the statute. It would seem, at a first examination of the object of the act, that there was not that compliance with its spirit in the specification given as its framers intended, but when it is recollected that the plaintiff has filed his declaration, in which the entire cause of action is fully set forth, the objection loses its force." (See, also, *Hart v. Barnes*, 24 Neb., 785.) The affidavit in the case at bar contained the further terms descriptive of the claim, "For goods sold and delivered by the plaintiffs to defendant, at his request," but these were merely of the kind of an account sued upon, and that they were wrong and ap-

peared there by mistake of the pleader, or rather his lack of knowledge at the time of the institution of the suit of the specific kind of an account on which it was predicated, did not work a lack of jurisdiction of the court in the attachment and could not govern in its disposition on a motion to discharge it. The original petition in the action declared upon an account for goods, wares, and merchandise sold and delivered, etc.; and the amended petition, upon the disputed allegations of which, together with other issues presented by the further pleadings, the cause was tried, set forth an account for money loaned. It will. be borne in mind that the defendant waived his right to maintain his objections to the change in the amended petition from an account for goods sold and delivered, as pleaded in the original, to an account for money loaned, and that the case was finally tried and adjudicated as a suit on an account of the character last mentioned. The attachment affidavit was not amended to meet this change in the petition, but remained as originally filed throughout the progress and disposition of the cause; but the amended petition and affidavit were based on an account as the claim of action, and a resort to the amended petition, which, as we have seen, would be proper for a specific description of the account in suit, would definitely disclose such character and so identify and connect them that this action, in both its branches, could be invoked as a bar to any further proceeding by way of main or ancillary suit on the same account. This, it would seem, should be sufficient, and this branch of the contention must be declared of no avail.

Under the second point of the argument, in respect to the motion to discharge the attachment, it is urged that in the affidavit it was stated that the amount which the plaintiffs believed they should recover was $7,500, while in the amended petition but $7,428.67 was claimed due the plaintiffs; that this was such a variance between the two pleadings as was fatal to the affidavit, and furnished sufficient reason for the dissolution of the attach-

ment. The requirement of the statute as to statement of amount (Code of Civil Procedure, sec. 199) is that in the affidavit there shall be set forth "the amount which the affiant believes the plaintiff ought to recover." We think, under this provision, the statement in the affidavit of the amount did not differ sufficiently from that pleaded in the petition to vitiate the affidavit. The variance in the amounts stated was but slight, and was immaterial. (1 Shinn, Attachment & Garnishment, pp. 213, 214; *Paul v. Ward*, 21 Ind., 211; *Lathrop v. Snyder*, 16 Wis., 293; *Aultman v. Daggs*, 50 Mo. App., 280; 3 Ency. Pleading & Practice, p. 15.)

The third proposition of this portion of the argument was that the evidence introduced on the hearing of the motion to discharge the attachment was insufficient to warrant the court in its ruling by which it sustained the attachment. An examination of the evidence on this branch of the case convinces us that there was sufficient to sustain a finding that the defendant was acting as it was shown he did, with the intent stated in the attachment affidavit in regard to creditors, and more particularly the plaintiffs; hence the court did not err in refusing to discharge the attachment on the facts.

In a second motion to discharge the attachment, which was filed and considered, it was alleged as cause for such discharge that the "testimony of the plaintiffs shows that a portion of the alleged indebtedness of the defendant to the plaintiff was not due at the time this action was commenced, and no order allowing an attachment was granted by this court or any judge thereof." The facts were as set forth in the foregoing ground of the motion; but this was not sufficient to call for a discharge of the attachment. In the opinion of this court in the case of *Tessier v. Englehart*, 18 Neb., 167, it was said: "It is not a fatal objection to an attachment that it may be deducible from an examination of the petition or bill of particulars that some part of the amount stated in the affidavit for attachment is not yet due." And in the text

of the opinion appears the following: "The third objection to the affidavit for attachment is that it states plaintiffs 'ought to recover the sum of $1,963.19, now due and payable,' while the petition shows that there was only $1,637.88 due at the time of the commencement of the action. This constitutes no objection to the proceedings, but if the plaintiffs in the court below knowingly and willfully attached a greater amount of goods than was necessary to pay their debt then due, with costs and expenses, they would probably be liable in damages." (See, also, 1 Shinn, Attachment & Garnishment; 212, 213.)

In the claim of plaintiffs as stated in the several petitions there was included one item of $2,200 which, it developed during the trial, was not due until March 16, 1892, and as the action had its inception of date March 15, 1892, the portion of the account to which we have just referred had not matured at the time of the commencement of the action, and the case, as to this, was prematurely brought. It also appeared, or was of the findings of the court at the time judgment was rendered on the report of the referee, that this item, or claim, was not owned by plaintiffs when the cause was instituted. At the time of rendering judgment the court entertained and sustained a motion of plaintiffs to dismiss without prejudice as to this part of the cause of action, and such dismissal was entered, of which counsel for defendant complain, insisting that inasmuch as the matters in controversy had been submitted for adjudication, all should have been retained and settled. The facts in respect to the amount of $2,200 of plaintiffs' claim were such that the court could not consider and adjudicate upon its merits, and it was entirely proper to allow or to enter a dismissal as to it, and without prejudice, as was done.

Subsequent to the time of the trial before the referee, and the filing of his report, the plaintiffs asked and were granted leave to amend, by interlineation, what was styled in the motion the "second amended petition," by inserting therein a paragraph declaring upon an item or

claim of $1,600, to conform the pleading to the proofs, and on motion of plaintiffs the cause was returned to the referee for a further report, or a finding in regard to this particular item of $1,600, and the referee made and filed a supplemental or second report, confined to his conclusions as to the one item of $1,600.  Counsel for defendant contend that it was error to send the case back to the referee for further report, and, when made, to consider the report.  If it appeared that the report filed was incomplete in any respect, it certainly was not erroneous to call upon the referee for the further information to the extent it would serve to complete and perfect the report, nor improper to consider the further matter when furnished.  In this connection it was also argued that the court should not have allowed the plaintiffs to amend and include the item of $1,600, as it brought into the case a cause of action, or part of a cause of action, which was not of it at its commencement, thus making the attached goods pay a claim for which they were not taken under the writ.  An examination of the pleadings discloses that the aggregate of the amounts as pleaded and claimed by plaintiffs to have been loaned to defendant, the credits stated, and the balance alleged to be due, were the same as in the first amended petition and the second amended petition; that these conditions of the pleadings were not changed by the amendment of the second so that it included the item of $1,600, stated in a separate paragraph thereof, from which we conclude that this sum of $1,600 was at all times embraced in the aggregated amounts of the pleaded claim in the petitions, from which the credits were deducted, hence always entered into the calculations and figuring from which the balance demanded as a recovery was reached or determined; and that by an omission on the part of the pleader it was not, in the first instance, directly set forth in the specific portion of the petitions, as it should have been.  This particular item was the subject of proof in the trial, was of the contested issues, and in view of all the facts and circumstances in

regard to it, which we have in the main outlined, it was not improper or erroneous to allow the amendment. It would not prejudice the rights of defendant and was but fair and just to plaintiffs.

It is further urged that the trial court erred in over-ruling the defendant's exceptions to the referee's reports, and in approving and affirming such reports. Under this heading the weight, sufficiency, and effect of the evidence in the case are argued. We have carefully read and con-sidered the record, and do not deem it necessary to enter into a discussion of the evidence here. We determine from it that the findings and conclusions of the referee and the judgment of the trial court were sufficiently sus-tained thereby and will not be disturbed.

We have noticed all the points presented for review, and it results, from what has been herein announced, that the judgment of the district court will be

AFFIRMED.