## HARRINGTON v. WILSON.

1. A motion to amend a complaint, under Comp. Laws, § 4938, is properly
denied, when the proposed amendment substantially changes the cause
of action.

2. A motion to amend a complaint so as to state facts in conflict with pre-
vious findings of the interior department relating to land in controversy
is properly refused, in the absence of any fraud or mistake in the de-
partment's decision upon questions of fact.

3. A motion to strike from the record all testimony relating to a line of sur-
vey, and improvements made on land in reference thereto, is properly
granted, since it appears that the line has been previously established,
and the question of improvements determined, by the interior depart-
ment.

(Opinion filed April 5, 1898.)

Appeal from circuit court, Meade county. Hon. A. J.
PLOWMAN, Judge.

Action to compel defendant to convey certain real prop-
erty. Defendant had judgment and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Schrader & Lewis*, for appellant.

Where the Secretary of the Interior, acting on known
facts, draws an erroneous conclusion and issues a patent to a
party not entitled thereto, his action is not conclusive, but is

subject to review by the courts. Railroad v. Wipps, 43 Fed. 333; Railroad v. Forsyth, 155 U. S.; Johnson v. Townbly, 13 Wall, 72; Iron Company v. Cunningham, 155 U. S. 354; Shipley v. Cowan, 91 Id. 333; Harden v. Jordan, 140 Id. 371; Railroad v. McCormack, 72 Fed. 736; Baden v. Railroad, 154 U. S. 327; Lee v. Johnson, 116 Id. 48; Railroad v. Phelps, 137 Id. 528; Baldwin v. Starks, 107 Id. 463.

No brief filed by respondent.

HANEY, J.   The purpose of this action is to compel defendant to convey certain realty.   When settled upon and improved by the parties, it was unsurveyed public land.   Defendant applied to the local land office to make final proof.   Plaintiff protested, and made application to enter it on his own behalf—both claiming as pre-emptors.   On appeal from the decision of the local office, the commissioner directed that the defendant "be permitted to make entry of the disputed forties, upon the condition that he tender to plaintiff an agreement in writing to convey to plaintiff that part of said forties occupied by plaintiff, bounded by the line which was shown to be east of his improvements, to wit, the line marked by the elm tree, formerly marked, 'Hamm's east line,' some thirty-one rods east of the west line of the forty; and, if he (defendant) declines to enter into such agreement, then plaintiff make entry of the entire tract, upon his tendering to defendant a written agreement to convey to him all but that portion of said tract hereinbefore awarded to plaintiff."   It further provided that, if both parties should fail or refuse to make entry upon the terms and conditions prescribed in the commissioner's decision, then they were allowed to make joint entry, in accordance with Sec. 2274 of the Revised Statutes.   In pursuance of this decision, defendant made his pre-emption cash entry, and at the same time made in writing, and tendered to plaintiff, an agreement to convey all of that portion of the land embraced in his entry "lying west of the elm tree, or line marked by the elm tree, and for-

merly marked 'Hamm's east line;' the same being a strip about thirty-one rods wide, in the west side of the land" in dispute. Plaintiff objected to the description contained in this agreement, and the controversy finally reached the secretary of the interior, who decided that it substantially complied with the department's former decision; and thereupon a patent was issued to defendant for the three 40's in dispute. The plaintiff's cause of action, as alleged in his complaint, is based upon the adjudication of the department awarding the land west of the Hamm line to plaintiff, and that east of it to defendant. Hence the only controversy relates to the location of the Hamm line— plaintiff contending that it should run from the elm tree, in an northeasterly direction, to or through a certain cottonwood stump; and defendant contending it should run directly north from the elm tree.

During the taking of testimony, and at its close, plaintiff moved the referee to amend the complaint to make it conform to the facts, by adding the allegation that the defendant never made or owned any improvements on the quarters in dispute prior to the government survey thereof, and that the secretary of the interior; under the laws of the United States, and the facts as found by him, should have allowed plaintiff to enter and receive a patent for the same, and the whole thereof. This motion was properly denied, for two reasons: First, the proposed amendment substantially changed the plaintiff's claim as alleged in the complaint (Comp. Laws, § 4938;) and, second, it alleges a state of facts directly in conflict with the facts as found by the department. There is no proposition more firmly established by the federal adjudications than that, in the absence of fraud or mistake, the decisions of the land department upon questions of fact in all matters properly before it must be regarded as conclusive. Shepley v. Cowan, 91 U. S. 331; Lee v. Johnson, 116 U. S. 49, 6 Sup. Ct. 249; Baldwin v. Stark, 107 U. S. 463, 2 Sup. Ct. 473.

At the close of the testimony, defendant moved the referee to strike from the record all testimony in reference to the lo-

cation of Hamm's east line, and all evidence in reference to improvements made by plaintiff on the land in controversy, for the reason that it appears from the undisputed evidence in the case that all matters in difference between the parties with reference to the location of such line, and with reference to improvements of both plaintiff and defendant, have been fully and completely adjudicated and determined by the land department. This motion was properly granted. It is clear from a consideration of the several decisions rendered by the department that these matters were examined and determined, and that the department intended to award the land lying west of a line running north and south through the elm tree to plaintiff, and that lying east of such line to defendant. The judgment of the circuit court is affirmed.