JOHN NAGLE ET AL. V. FIRST NATIONAL BANK OF OMAHA
ET AL.

FILED JANUARY 19, 1899.   NO. 8621.

1. **Purchase of Attached Property: RES JUDICATA.**   One who by vol-
untary transfer acquires rights in personal property after a writ
of attachment has been levied thereon is bound by an adjudica-
tion in the attachment case of the validity of such attachment.

2. **Mortgage on Attached Goods:** VALID ATTACHMENT: COLLATERAL ATTACK. An attachment was levied on the goods of A. Subsequently A made mortgages on such goods to other creditors. Thereafter the petition in the attachment case was amended so as to state a different cause of action. On motion to discharge in the attachment case the attachment was held good. *Held,* That the mortgagees could not in an independent action be heard to attack the attachment.

ERROR from the district court of Douglas county. Tried below before DUFFIE, J. *Reversed.*

The opinion contains a statement of the case.

*Charles Ogden, Joel W. West,* and *J. M. Macfarland,* for plaintiffs in error.

References: *Rudolf v. McDonald,* 6 Neb. 166; *Ward v. Howard,* 12 O. St. 158; *Tilton v. Cofield,* 93 U. S. 163; Waples, Attachment 145; Drake, Attachment 282; *Felton v. Wadsworth,* 7 Cush. [Mass.] 588; *Peirce v. Partridge,* 3 Met. [Mass.] 44; *Fairfield v. Baldwin,* 12 Pick. [Mass.] 388.

*Montgomery & Hall, contra:*

Plaintiffs in error changed their cause of action from one for goods sold to one for money loaned, which was not an amendment, but was the substitution of a new cause of action, so their lien dates only from the time of filing the amended petition. (*Clark v. Omaha & S. W. R. Co.,* 5 Neb. 318; *Busch v. Hagenrick,* 10 Neb. 415; *Scott v. Spencer,* 44 Neb. 93; *First Nat. Bank of Wymore v. Myers,* 44 Neb. 306; *Lottman v. Barnett,* 62 Mo. 159; *Lumpkin v. Collier,* 69 Mo. 170; *Scovill v. Glasner,* 79 Mo. 449; *Hollister v. Livingston,* 9 How. Pr. [N. Y.] 141; *Woodruff v. Dickie,* 31 How. Pr. [N. Y.] 167; *Robertson v. Robertson,* 9 Daly [N. Y.] 44; *Freeman v. Grant,* 30 N. E. Rep. [N. Y.] 247; *Lane v. Beam,* 19 Barb. [N. Y.] 51; *Semple v. Glenn,* 9 So. Rep. [Ala.] 265; *Givens v. Wheeler,* 5 Colo. 598; *Rockwell v. Holcomb,* 31 Pac. Rep. [Colo.] 944; *Summer v. Brown,* 34 Vt. 194; *Bockes v. Lansing,* 74 N. Y. 437; *Barnes v. Quig-*

ley, 59 N. Y. 265; *Milliken v. Whitehouse*, 49 Me. 535; *Cooper v. Waldron*, 50 Me. 80; *Wolf v. Wolf*, 28 Atl. Rep. [Pa.] 164; *Farwell v. Wright*, 38 Neb. 445; *Fairfield v. Baldwin*, 29 Mass. 395; *Freeman v. Creech*, 112 Mass. 180; *Furness v. Read*, 63 Md. 1; *Smead v. Chrisfield*, 1 Handy [O.] 574; *Peck v. Sill*, 3 Conn. 157; *Green v. Jackson*, 66 Ga. 250; *Peirce v. Partridge*, 44 Mass. 44; *Brookmire v. Rosa*, 34 Neb. 227; *Homan v. Hellman*, 35 Neb. 414; *Scroggin v. Johnston*, 45 Neb. 714.)

The right of Nagle & Brecher to the attached property as against defendants in error commenced only when the amended petition was filed. (*McCord v. Krause*, 36 Neb. 764; *Darst v. Levy*, 40 Neb. 594; *Landauer v. Mack*, 43 Neb. 430; *Bauer v. Deane*, 33 Neb. 487; *Rogers v. Heads Iron Foundry*, 51 Neb. 39; *Heidel v. Benedict*, 63 N. W. Rep. [Minn.] 490; *Whitney v. Brunette*, 15 Wis. 67; *Witte v. Myer*, 11 Wis. 309; *Bell v. Hall*, 2 Duv. [Ky.] 288; *Putnam v. Hall*, 3 Pick. [Mass.] 445; *Berry v. Spear*, 13 Me. 187; *Shirley v. Phillips*, 17 Ill. 471; *Calef v. Parsons*, 48 Ill. App. 253; *Hammond v. Bush*, 8 Abb. Pr. [N. Y.] 152; *McKee v. Tyson*, 10 Abb. Pr. [N. Y.] 392; *Hunt v. Grant*, 19 Wend. [N. Y.] 90; *Bank of Rochester v. Emerson*, 10 Paige [N. Y.] 359; *Boyden v. Johnson*, 11 How. Pr. [N. Y.] 503; *Johnston v. Fellerman*, 13 How. Pr. [N. Y.] 21; *Van Beck v. Shuman*, 13 How. Pr. [N. Y.] 472; *Bryan v. Miller*, 28 Mo. 32; *Smith v. Hood*, 25 Pa. St. 218; *Patterson v. Steamboat Gulnare*, 2 Disn. [O.] 505; *Ohio Life Ins. & Trust Co. v. Urbana Ins. Co.*, 13 O. *220; *Williams v. Sharp*, 70 N. Car. 582; *Davidson v. Cowan*, 1 Dev. Law [N. Car.] 304; *Purcell v. McFarland*, 1 Ired Law [N. Car.] 34; *Bank of Cape Fear v. Williamson*, 2 Ired. Law [N. Car.] 147; *Wilcox v. Emerson*, 11 R. I. 501; *Fairbanks v. Stanley*, 18 Me. 296; *Quillen v. Arnold*, 12 Nev. 234; *Greenvault v. Farmers & Mechanics Bank*, 2 Doug. [Mich.] 498; *Moore v. Davis*, 58 Mich. 25; *Moody v. Lucier*, 62 N. H. 584; *Lillard v. Porter*, 39 Tenn. 176; *Denny v. Ward*, 20 Mass. 199; *Hall v. Hooper*, 47 Neb. 111; *Flatley v. Memphis & C. R. Co.*, 9 Heisk. [Tenn.] 230; *Crofford v. Cothran*, 2 Sneed [Tenn.] 492; *Rudolf v. McDonald*, 6 Neb.

163; *Ward v. Howard,* 12 O. St. 158; *Peirce v. Partridge,* 3 Met. [Mass.] 44; *Fairfield v. Baldwin,* 12 Pick. [Mass.] 388; *Felton v. Wadsworth,* 7 Cush. [Mass.] 588; *Irwin v. Sanders,* 5 Yerg. [Tenn.]. 287; *Jordan v. Dewey,* 40 Neb. 644; *Grotte v. Nagle,* 50 Neb. 363.)

IRVINE, C.

Prior to March 15, 1892, R. R. Grotte was engaged in the liquor business in Omaha. He became indebted to the firm of Nagle & Brecher, who, on the date mentioned, instituted an action against him, aided by proceedings in attachment. The proceedings were begun under telegraphic instructions from Nagle & Brecher to attorneys in Omaha, and the petition filed was for goods sold and delivered. As a matter of fact the claim was for money lent, and some time after the institution of the proceedings and the levying of the writ of attachment upon Grotte's stock the petition was amended so as to count upon money lent instead of goods sold and delivered. A motion was made to dissolve the attachment. This motion was overruled. Grotte brought the case to this court, where the judgment of the district court was affirmed. (*Grotte v. Nagle,* 50 Neb. 363.) The day the attachment was levied Grotte had agreed with Montgomery, Charlton & Hall, attorneys representing a number of other creditors, to execute in their favor mortgages upon his stock. Three or four of these mortgages had been drawn and signed by Grotte by 5 o'clock on that day, but none was then recorded. It was, however, agreed that the creditors should be put in possession; but before this was accomplished the Nagle & Brecher attachment had been levied. Grotte, however, proceeded to execute the mortgages, which were filed for record the following morning. A few days thereafter the present action was begun by the mortgagees to foreclose their mortgages. They alleged the attachment proceedings and a contest with regard to the different claims, and a receiver was appointed, who, pursuant to the orders of

the court, sold the stock. The controversy became one
between Nagle & Brecher claiming under the attachment
on the one side, and the mortgagees on the other, as to
the right to the fund resulting from the sale. The de-
cree of the district court was in favor of the mortgagees,
and Nagle & Brecher bring the case here for review.

Counsel have saved us a detailed examination of quite
a large record by agreeing substantially as to the facts
of the case and as to the question presented, which is,
whether the abandonment by Nagle & Brecher of their
first petition, and the amendment already referred to,
operated so far to discharge the original attachment as
to postpone the rights of Nagle & Brecher to those mort-
gagees whose rights accrued subsequent to the original
levy, but before the amendment.

Counsel for the mortgagees present a large number of
authorities to establish two propositions: First, that the
amendment of the petition from one for goods sold and
delivered to one for money lent operated as a change of
the cause of action. Secondly, that an amendment
which does substantially change the cause of action in
an attachment case discharges the attachment as to
rights accruing between the original levy and the time
of amendment. Without deciding it, we assume that
the first proposition is sound, but we think the second
is subject to certain qualifications which prevent its
operation in favor of the mortgagees in this case. It
will undoubtedly be conceded that the judgment of the
district court on the motion to discharge the attachment,
affirmed by this court in *Grotte v. Nagle, supra,* operated as
an adjudication as between the parties to that case of
the regularity and continued effect of the attachment,
notwithstanding the amendment made. The mortgagees
are not in the position of subsequent attaching creditors
or others claiming rights independent of the parties to
the attachment case. Their claim is under voluntary
transfers from Grotte, the defendant in that case; and
these transfers were not made—that is, they did not be-

come effective—until after the levy of the attachment
and the service of summons.    Section 85 of the Code of
Civil Procedure provides: "When the summons has been
served or publication made, the action is pending so as
to charge third persons with notice of pendency, and
while pending, no interest can be acquired by third per-
sons in the subject-matter thereof as against the plain-
tiff's title."   The remainder of the section contains spe-
cial provisions with reference to actions concerning real
estate.   What has been quoted is merely a declaration
of the common law.    In a suit very similar to the present
the supreme court of the United States held that the pro-
priety of the amendment affected only the regularity of
the proceedings in the attachment case, and did not
reach the validity of the attachment, or expose it to col-
lateral attack by purchasers whose rights accrued after
the levy and before the amendment.    It was there said:
"The law is that he who intermeddles with property in
litigation does it at his peril, and is as conclusively bound
by the results of the litigation, whatever they may be,
as if he had been a party to it at the outset."   (*Tilton v.
Cofield*, 93 U. S. 163.)   We are entirely satisfied with the
conclusion reached in the case cited, and think it appli-
cable to the law of this state.    Whatever collateral at-
tacks might be open to creditors claiming liens of inde-
pendent derivation, a mortgagee who claims by voluntary
transfer subsequent to the levy attacks as a purchaser
*pendente lite*.    It is probable that these mortgagees might
have been heard in the attachment suit to defend their
rights.    But in any event, as their rights accrued subse-
quent and therefore subject to the attachment, they were
bound by the result of that case.

The briefs are so copious in their citation of authorities
that we shall not attempt a detailed review thereof.    We
think that all the cases are reconcilable with the princi-
ple upon which we base the decision.    Thus, *Heidel v.
Benedict*, 63 N. W. Rep. [Minn.] 490, was a contest be-
tween an attaching creditor and the assignee under a

general assignment for creditors, and the decision was based on the ground that the assignee represented creditors and could assert their rights rather than those of the transferee from the debtor. In this state the assignee represents the debtor, except as otherwise expressly authorized (*Lancaster County Bank v. Gillilan*, 49 Neb. 165), so that if the case were otherwise in point, it would not be applicable to the law of this state. And even to reach the result there reached the court found it necessary to hold that the decision of a motion to discharge an attachment was not an adjudication which protected the attachment from collateral attack,—a ruling certainly contrary to the law of this state. *Freeman v. Creech*, 112 Mass. 180, while on its face an authority in favor of the mortgagees, is founded on an express statute protecting purchasers from attachments where such amendments have been made, unless they have been given notice of the application to amend. Other cases, well represented by *Whitney v. Brunette*, 15 Wis. 67, are cases where an attachment was absolutely void until after the amendment. Such of course do not bind even the defendant prior to the amendment. To this class of cases belongs *Bauer v. Deane*, 33 Neb. 487, where it was held that where no cause of action was stated against the defendant whose property was attached, a subsequent amendment would not cause the attachment to relate back to the time of levy. In *Farwell v. Wright*, 38 Neb. 445, no cause of action existed when the attachment was issued, and it was held that the attachment could not be aided by a subsequent acquisition of a cause of action. These were proceedings between the original parties. If in point at all, they would militate against the correctness of the decision in the attachment case, but they do not indicate that that decision can be disregarded. On the contrary, *Rudolf v. McDonald*, 6 Neb. 163, holds that when property has been seized under an order of attachment, no question of ownership raised, or fraud or collusion alleged, final judgment concludes all inquiry

by third persons concerning the regularity of the proceedings, no matter how erroneous they may have been; and the same conclusion is reached in *Horkey v. Kendall*, 53 Neb. 522.  We conclude, therefore, that the judgment of the district court giving the mortgagees priority over Nagle & Brecher was erroneous.

REVERSED AND REMANDED.