N. WESTOVER & COMPANY v. VAN DORN IRON WORKS COMPANY.

FILED DECEMBER 2, 1903.    No. 12,949.

1. Attachment: AFFIDAVIT: AMENDMENT. The provisions of the code relating to amendments should be liberally construed, but one can not amend an affidavit in attachment so as to state a cause of action different from that stated in the original affidavit on which the writ was issued.

2. Justice of the Peace: JURISDICTION. The statute provides that in an action tried by a justice of the peace, where the defendant has been arrested or his property attached, the justice shall render judgment immediately on the conclusion of the trial. By taking such a case under advisement by consent of parties to a future day, in order to examine the evidence and briefs filed therein, the justice does not lose jurisdiction to render judgment.

3. ———: ERROR: PROCEDURE. Where, on a petition in error, the district court reverses a judgment of a justice of the peace, it should not dismiss the case, but must set it down for trial, as provided in section 601 of the code.

ERROR to the district court for Lancaster county: LINCOLN FROST, JUDGE. Reversed.

Jesse B. Strode and Edmund C. Strode, for plaintiff in error.

Robert S. Mockett and Orpheus B. Polk, contra.

BARNES, C.

The plaintiff in error commenced this action in the justice's court of Lancaster county before one Fritz Westermann, a justice of the peace, by filing an affidavit for an attachment and garnishment. An order of attachment was issued, together with a summons, and both were returned not served, because the defendant in the action was not found in Lancaster county. Thereupon service was made by publication, and a notice of garnishment was served on C. D. Campbell & Brother, the garnishees described in the affidavit. Later on, the garnishees answered that they were indebted to the defendant in the sum of $401.17. An order was made requiring the payment of the sum of $144.54 into court, that being the amount of the plaintiff's claim, together with $50, the probable costs of the action. The order was complied with, and, after the completion of service of summons by publication, the defendant appeared, and the cause was continued, on its application, for thirty days. Thereafter, several continuances were had by agreement, and on the 29th day of March, 1902, the cause came on for trial. The plaintiff thereupon asked leave to file an amended bill of particulars and affidavit in attachment, which was objected to on the part of the defendant, for the reason that the affidavit set up a different and new cause of action from that originally sued on, and upon which the writ of attachment had been issued; the objections were overruled; an exception was allowed, and the amended affidavit was filed. Defendant kept its objection good at all stages of the proceedings; the cause was tried, and, after the introduction of the evidence, was continued for argument to March 28, at 2 o'clock P. M. At that time the parties appeared in court, by counsel, and the cause was argued; plaintiff and defendant each filed their briefs and citations of authorities, and, by consent of the parties in open court, the cause was taken under advisement by the justice to April 9, 1902. On that day judgment was rendered in favor of the

plaintiff and against the defendant for the sum of $96.09 and costs; the court further ordered that the attachment be sustained.   The defendant prosecuted error to the district court, where the judgment of the lower court was reversed, the cause was dismissed, the attachment dissolved and the garnishee discharged.   From that judgment the plaintiff brings the case here by petition in error.

The questions presented by the record which require our consideration, are: First, did the justice err in permitting the plaintiff to file its amended affidavit for attachment? Second, did the justice of the peace lose jurisdiction of the case, and was he without power to render a judgment therein at the time to which he took the case under advisement?   We will dispose of these questions in the order stated.

1. The ground for attachment, as stated in the original affidavit, was that the defendant was a foreign corporation and a nonresident of the state of Nebraska; and the cause of action was stated therein as follows:

"Affiant further says that the said firm of N. Westover & Company has commenced an action before Fritz Westermann, a justice of the peace in and for Lancaster county, Nebraska, against the Van Dorn Iron Works Company of Cleveland, Ohio, a corporation duly organized under the laws of Ohio, to recover the sum of $57.38, with interest thereon at the rate of seven per cent. from the 12th day of August, 1892, which said sum is now due and payable to the plaintiff on an account for goods sold and delivered by plaintiff to defendant at defendant's request, and for services rendered to, and expenses paid for, and on behalf of, defendant at defendant's request."   (Then followed the items of account.)

In the amended affidavit for attachment the cause of action was set forth as follows:

"The firm of N. Westover & Company has commenced an action before Fritz Westermann, a justice of the peace in and for Lancaster county, Nebraska, against the Van Dorn Iron Works Company of Cleveland, Ohio, to recover
30

the sum of $57.38, with interest thereon at the rate of seven per cent. per annum from the 12th day of August, 1892, which said sum is now due and payable to plaintiff on account for goods sold and delivered to defendant at defendant's request and for services rendered to, and expenses paid for, and on behalf of, defendant at defendant's request in the months of July and August, 1892, by the firm of Fisher & Westover of Lincoln, Nebraska, a corporation consisting of John Fisher and Jennie Westover, which said account was, for a valuable consideration, sold and transferred on or about the 1st day of June, 1896, by Fisher & Westover to the firm of N. Westover & Company, a corporation consisting of N. Westover and Ann Westover; and on or about the 1st day of July, 1900, was, for a valuable consideration, sold and transferred by the said firm of N. Westover & Company to plaintiffs, a copartnership consisting of N. Westover and John Westover, plaintiffs in this case; that plaintiffs are the *bona fide* owners and holders of the same, and that the following is an itemized statement of said account."

It will thus be seen that the cause of action set forth in the original affidavit for attachment and in the amended affidavit are not the same. One was alleged to be for goods sold and delivered by the plaintiff to the defendant, and for services performed for the defendant at its instance and request; while the other was for goods sold and delivered to defendant by a firm consisting of John Fisher and Jennie Westover, known as Fisher & Westover, and by that firm assigned to a copartnership consisting of N. Westover and Ann Westover, and later on sold and assigned by said last named firm to the plaintiff.

This court has always construed the right of amendment provided for by the code liberally, but we are not aware of a case where it has been held that, by amendment, one can go to the extent of completely changing his cause of action. In the case of *Western Cornice & Mfg. Works v. Meyer*, 55 Neb. 440, it was held that a pleading could not be amended during the trial to show that the plaintiff

claims by assignment or transfer of the account, when the action had been brought by him as the original payee and owner thereof. In *Clarke v. Omaha & S. W. R. Co.*, 5 Neb. 314, Judge GANTT, who delivered the opinion of the court, made use of the following language:

"It is true a party may amend his pleading while he preserves the identity of his cause of action. It is, however, said that an amendment is the correction of a mistake or error in the pleading before the court, and that courts never claimed the power to allow, as an amendment, the insertion of a new cause of action; therefore the insertion of facts constituting a new and different cause of action, would be a substitution of a different pleading, and not an amendment of an existing one."

The same rule was announced in *Dietz v. City Nat. Bank of Hastings*, 42 Neb. 584, and in *Harrington v. Wilson*, 10 S. Dak. 810, 74 N. W. 1055.

While it is permissible to allow an attachment affidavit to be amended as to a mistake in the venue, or where a ground of attachment is imperfectly stated, or in any clerical or unimportant matter, still, it is not permissible to allow an amendment which states an entirely different cause of action from the one on which the writ was issued.

It follows that the district court was right in holding that the justice erred in allowing the plaintiff to file his amended affidavit, during the trial, over defendant's objections.

2. The district court, so far as we can gather from the transcript, held that the justice, by taking the case under advisement with the consent of the parties, from the 28th day of March to the 9th day of April following, lost jurisdiction of the case, and was without power to render a judgment therein, and, for that reason, after having reversed the judgment of the justice court, dismissed the case. This ruling is assigned as error.

This question has been before us, in a somewhat modified form, several times. In the case of *Huff v. Babbott*, 14 Neb. 150, where the trial was had on the 28th day of Sep-

tember and the justice rendered a judgment the following morning, Judge MAXWELL, speaking for the court, said: "The justice did not lose jurisdiction." It was stated in the opinion, however, that it was evident that the justice required time to reach a proper conclusion, and that the legislature in the use of the word "immediately," as found in the statutes, evidently intended that the justice should render his judgment before transacting any other business. This case was cited with approval in *Austin v. Brock,* 16 Neb. 642. In *Worley v. Shong,* 35 Neb. 311, a case tried before a justice of the peace to a jury, a verdict was returned and filed at twenty-five minutes after 8 o'clock P. M. Judgment was not entered thereon until the next day, and it was held that the judgment was not entered immediately within the meaning of section 1002 of the code, and that the justice had lost jurisdiction at the time the entry of the judgment was made. In *Thompson v. Church,* 13 Neb. 287, an action tried to a jury in a justice court, with a verdict returned into court at 7:30 A. M. on Sunday, it was held that it was the duty of the justice to render judgment immediately upon the receipt of the verdict, although it was Sunday. The matter was again before the court in *Reed v. Mott,* 2 Neb. (Unof.) 450, where the trial was before a justice of the peace, and by the consent of both parties, in open court, the case was taken under advisement, judgment to be rendered within four days, as specified in section 1002 of the code; judgment was so rendered and an appeal was taken therefrom to the district court where, upon the trial of the case, the court held that the jurisdiction had not been lost, and such holding was affirmed by this court. It will be observed, however, that the defendant in that case, instead of prosecuting error, appealed from the judgment of the justice and brought up the whole case for trial *de novo.* After the commencement of the trial, he was hardly in a position to contend that the court had no jurisdiction to render the judgment from which he had appealed.

It thus appears that we have, in effect, passed on the

question presented by this record. In many of the states where the statutes are practically the same as ours, it has been held that, by not entering judgment immediately, the justice loses jurisdiction of the case and no judgment can thereafter be rendered by him; but in none of the cases, so far as we have examined them, was there any agreement of the parties consenting to such a course as the one pur- sued herein. Ordinarily, parties should be bound by their agreements entered into in open court; and where it ap- pears, as in this case, that the parties filed briefs and the court required time to consider them, and such time was agreed upon, the case may be said to have not been sub- mitted until the time arrived to which it had been taken under advisement. We hold that the justice was not without jurisdiction to render the judgment complained of, and that the district court erred in dismissing the case after having reversed the judgment of the justice. The case should have been set down for trial, as provided for in section 601 of the code.

We therefore recommend that so much of the judgment of the district court as reverses the judgment of the justice of the peace be affirmed, and that that part of said judg- ment dismissing the action altogether be reversed, and the cause remanded for further proceedings.

GLANVILLE and ALBERT, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court reversing the judgment of the justice of the peace is hereby affirmed, and the judgment of said court dismissing the action is re- versed, and the cause is remanded for further proceedings.

REVERSED.

SEDGWICK, J., dissenting.

The code provides that an affidavit for attachment in justice court must show "the nature of the plaintiff's claim." The object of this provision seems to be to require

a showing under oath that the action is of such nature as to support an attachment.

"It is not necessary in the affidavit for attachment to set forth at length the cause of action. It is sufficient to state the nature of the plaintiff's claim. This must appear to arise *ex contractu,* but where the statement is not as full as may be desired reference may be had to the petition." *Hart v. Barnes,* 24 Neb. 782, 787.

The opinion appears to discuss the matter as though it were a question of change of cause of action by amendment of a petition. Even upon this theory, I think the conclusion is wrong, but this is not the question here. The proposition appears to be too plain to admit of argument or discussion.

The nature of the plaintiff's claim shown in the amended affidavit is not different from the nature of the claim shown in the original affidavit, and the justice, it seems to me, was clearly right in allowing the amendment.