HENRY D. ROWLAND v. JAMES F. SHEPHARD.

[FILED OCTOBER 4, 1889.]

1. **Practice**: CONTINUANCE: AFFIDAVIT: WITNESSES. An affidavit for a continuance on account of absent witnesses which fails to show that either their personal attendance or testimony will probably be obtained, if time be granted, is insufficient, where it does not appear that the same facts cannot be proven by other witnesses within the jurisdiction of the court.

2. ———: CASE STATED. The docket of the county judge contained a recital that a motion for a continuance was overruled " as not appearing sufficient to the court, after examination, a settlement made between plaintiff and defendant and signed by H. D. Rowland." There was nothing of record to show that the settlement referred to was submitted to the court; whether it was in writing or rested on parole, nor that any evidence was offered by either party except the affidavit for a continuance, and which of itself was insufficient. It was *held*, that the district court did not err in refusing to reverse the judgment of the county judge upon the ground that other evidence was heard contradicting the affidavit filed in support of the motion.

3. **Partnership**: JOINDER OF PARTIES: SERVICE OF SUMMONS. An action against " C. C. and H. R., in business under the firm name of C. & R.," is not an action against a firm but against the individual members thereof, and the fact that one of the defendants cannot be served with summons within the county where the action is pending before an inferior court, will not prevent the court from hearing the case against the party duly served with summons and who has appeared generally in the case.

ERROR to the district court for Sheridan county. Tried below before KINKAID, J.

*W. H. Westover*, and *J. C. Johnston*, for plaintiff in error:

The overruling of the motion for continuance by the county court was an abuse of discretion, which is sufficient ground for a new trial. (*Ingalls v. Noble*, 14 Neb., 272; *Singer Mfg. Co. v. McAllister*, 22 Id., 362.) The affidavit was sufficient, because it stated the evidence intended under the rule in *Jameson v. Butler*, 1 Neb., 118; *Williams v. State*, 6 Id., 338; *Johnson v. Dinsmore*, 11 Id., 393; also because it is specific, and an indictment for perjury will lie if the facts stated are not true. (*Ingalls v. Noble, supra.*) Service should have been had upon the firm; not upon plaintiff in error individually. (*Herron v. Cole*, 25 Neb., 692.)

*W. W. Wood*, and *J. M. Stewart*, for defendant in error:

The judgment was rendered against the defendants; not against Rowland and the firm. Defendant Collins, by appearing generally, waived any rights he may have had because he was not served with summons. The judgment of the county court was against the partners, while the appellate proceedings were by Rowland only; which is contrary to the rule in *Wolf v. Murphy*, 21 Neb., 472. The affidavit for continuance is insufficient in the matter of locating the witness Gamble. (*Newman v. State*, 22 Neb., 358.) The application for continuance was a matter of discretion, and the rights of the defendant were not prejudiced by the refusal to grant it.

REESE, CH. J.

This action was instituted before the county judge of Sheridan county by defendant in error against "Charles C. Collins and Henry Rowland, in business under the firm name of Collins & Rowland." The action was for the re-

covery of the sum of $138.51, which was alleged to be due defendant in error from Collins & Rowland for labor, hauling lumber, etc. The summons was issued returnable on the 13th day of August, 1887, and was returned "served upon Henry Rowland by delivering to him a certified copy of the summons with all the indorsements thereon, C. C. Collins not being found in the county." On the day named as return day the parties appeared and by mutual consent the cause was continued until October 27, 1887. On that day, at the hour fixed, the parties again appeared, when plaintiff in error filed a motion for continuance until the 1st day of October of the same year. This motion was overruled, but to the ruling no exception appears to have been taken by the plaintiff in error. Plaintiff in error then objected to the introduction of any testimony, for the reason that the service as returned did not show service on the firm of Collins & Rowland. This objection was overruled.

A trial was had, which resulted in a finding in favor of the plaintiff in the action and judgment in his favor for the sum of $154.51, together with costs of the suit. The cause was then removed to the district court by proceedings in error. The assignment of error being: "First, the court erred in overruling the defendant's motion for continuance; second, the court erred in taking testimony to contradict the allegations of defendant's affidavit filed in support of his motion for a continuance; and third, the court erred in overruling defendant's objection to the introduction of testimony." Upon a hearing in the district court the judgment of the county court was affirmed. Plaintiff now prosecutes error to this court, assigning the ruling of the district court as error.

The first question in logical order is as to the ruling of the county court on the motion for a continuance. The failure to take an exception to the decision of the county court would probably deprive plaintiff in error of the right to an examination of this question. But aside from

this, we think the district court did not err in affirming the decision of the county judge. The affidavit for continuance was as follows:

· "Henry D. Rowland, being first duly sworn, deposes and says that he is one of the defendants in the above entitled case; that he cannot safely proceed to trial in said cause on account of the absence from Sheridan county of one C. A. Gamble, who is now at some place in Iowa, and whose testimony is material to this defendant's defense in the above case:

"Affiant further swears that at the time the work was done, which is mentioned in plaintiff's petition and bill of particulars, said Gamble kept the time-book, said time-book being still in the possession of said Gamble, and that said book contains information concerning the subject-matter of plaintiff's cause of action which this defendant can procure at no other place.

"Affiant further says that said Gamble knows, and, when his evidence can be procured, he will swear, that the plaintiff did not work for the firm of Collins & Rowland, and that the work he did for one C. C. Collins, which affiant presumes was charged against the firm of Collins & Rowland, was contracted for by said plaintiff with said C. C. Collins at the rate of $3 per day instead of $4 per day as charged by plaintiff.

"Affiant further says that he has used due diligence in trying to discover the whereabouts of said Gamble; that he has made inquiry from said Gamble's friends and acquaintances, and but a few days ago heard he was in Iowa.

"Affiant further says that he has good reason to believe and does believe that he can find said Gamble and procure his deposition and the time-book above mentioned within the time between this date and October 1, 1887.

"Affiant further says that this affidavit is not made for the purpose of delay, but that substantial justice may be done this defendant."

32

The action being for a demand within the ordinary juris-diction of a justice of the peace, the provisions of the Code governing that court must be applied in this case. The application not having been made upon the return day, and being for a longer period than thirty days, it was made under sec. 961 of the Civil Code, which is as fol-lows:

"An adjournment may be had either at the return day, or at any subsequent time to which the cause may stand adjourned, on the application of either party, for a period longer than thirty days, but not to exceed ninety days from the time of the return of the summons, upon com-pliance with the provisions of the preceding section, and upon proof by oath of the party, or otherwise, to the sat-isfaction of the justice, that such party cannot be ready for trial before the time to which he desires an adjourn-ment for want of material evidence, describing it, that the delay has not been made necessary by any act or negligence on his part since the action was commenced, and that he expects to procure the evidence at the time stated by him."

By this section it is required that before the party can demand an adjournment for more than thirty days from the return day, he must prove by his own oath, or other-wise, to the satisfaction of the justice, that he cannot be ready for trial before the time to which he desires the ad-journment, for want of material evidence, which must be described, and that the delay has not been made necessary by any act or negligence on his part, and that he expects to procure the evidence at the time stated by him. By reference to the motion for continuance it will be observed that the witness Gamble referred to kept the time-book, and that the time-book was in his possession, and that "it contained information concerning the subject-matter of plaintiff's cause of action." What the information was the motion did not divulge. The fact that the contract was that plaintiff should be paid at the rate of $3 per day

instead of $4, if made with C. C. Collins, was not a material inquiry in the case then to be tried; and the only averment contained in the motion which could be considered material was that Gamble would swear that the plaintiff did not work for the firm of Collins & Rowland. There is no suggestion on the part of the affiant that the facts stated were believed by him to be true, nor that he could not procure the evidence by calling some other witness. Again, the fact that the witness was somewhere in Iowa was not sufficient to justify the belief on the part of the court that his testimony could be obtained, even though an adjournment were had. (*Newman v. The State,* 22 Neb., 355.)

The next contention is that the county court erred in receiving evidence to contradict the averments of the affidavit filed in support of the motion for a continuance. Upon that subject the docket of the county judge is as follows:

"Motion overruled, as not appearing sufficient to the court, after examination a settlement made between plaintiff and defendant and signed by H. D. Rowland."

It is quite doubtful if this record will sustain the contention of plaintiff in error, in point of fact, for we are informed by the entry that the court considered the affidavit of itself insufficient to justify it in adjourning the case. It does not appear that any evidence was offered on the part of defendant in error for the purpose of contradicting the averments in the motion for a continuance; and no evidence is presented to this court, nor was any submitted to the district court so far as this record shows, which it is claimed the county judge considered as contradicting the averments of the motion. Just what the recital contained in the transcript means is somewhat difficult to say, but we think it does not clearly appear that any evidence was offered and considered by the court for the purpose of contradicting the averments of the affidavit. Without further evidence than is shown by the docket entry we cannot say

that the district court erred in passing upon this part of the case.

The transcript of the county judge shows that "defendant objects to the introduction of any testimony, for the reason that service and return does not show service of the firm of Collins & Rowland." This objection was overruled and the ruling is now assigned for error.

The action was not instituted against the firm of Collins & Rowland, a partnership, but against the individual members of the firm. There was no effort made to get service upon the partnership, but upon the individual members. As to Collins, the effort, whatever it may have been, was fruitless, and no jurisdiction was obtained over him. As to Rowland, the service was made and the appearance by him was general. The court therefore had jurisdiction over him and was authorized to hear evidence as against him. In this action of the court there was no error. The county court had no jurisdiction over Collins, and therefore the judgment rendered against him was a nullity. But of that Rowland cannot now complain. The judgment of the district court affirming the judgment of the county court as far as Rowland was concerned was correct, and is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.