JAMES H. BROOKMIRE & CO. V. BURTIS ROSA ET AL.

[FILED MARCH 16, 1892.]

1. **Parties:** CAPACITY TO SUE: DEMURRER. An action brought in the name of James H. Brookmire & Co. is not subject to demurrer for want of legal capacity of the plaintiffs to sue. One of them at least, on the face of the record has such capacity, and as the demurrer applies to all the members of the supposed firm it should be overruled.

2. ———: DEFECT. When an action is brought in the proper name of one of the plaintiffs followed by the words " & Co.," a demurrer on the ground of a defect of parties plaintiff no doubt will lie, but not for want of legal capacity to sue.

3. **Attachment:** AFFIDAVIT: WHILE AN AMENDMENT of an affidavit for an attachment may be permitted when in furtherance of justice, even on the hearing of the case, yet no new cause of attachment, which existed when the action was brought, can be brought in by amendment.

ERROR to the district court for Sioux county. Tried below before KINKAID, J.

*E. D. Satterlee, L. O. Hull,* and *A. W. Crites,* for plaintiff in error:

The phrase " & Co." following plaintiff's name in the title should be treated as surplusage. (*O'Callaghan v.*

*Bode*, 24 Pac. Rep. [Cal.], 269; *Kenyon v. Semon*, 45 N. W. Rep. [Minn.], 10; *Weisz v. Davey*, 28 Neb., 566 (distinguished); *Walgamood v. Randolph*, 22 Neb., 493.) Demurrer will not lie. (*Nelson v. Highland*, 13 Cal., 74; *Gardner v. McClure*, 6 Minn., 250; *Bank v. Tillard*, 26 Md., 446; *Bank v. Smith*, 17 How. Pr. [N. Y.], 487; *Bank v. Wickham*, 7 Abb. Pr. [N. Y.], 134; *Miller v. Luco*, 80 Cal., 257; Maxwell, Pl. & Pr. [4th Ed.], note to p. 113; Id., 117.) The application for leave to file an amended affidavit in attachment should have been allowed. (*Baker v. Kingman*, 24 Pac. Rep. [Kan.], 476; *Burton v. Robinson*, 5 Kan., 287; *Ferguson v. Smith*, 10 Id., 396; *Wells v. Danford*, 28 Id., 487; *Tracy v. Gunn*, 29 Id., 508; *Bunn v. Pritchard*, 6 Ia., 56; *Campbell v. Whetstone*, 3 Scam. [Ill.], 361; *Langworthy v. Waters*, 11 Ia., 432; *Henderson v. Grace*, 30 Mo., 358; *Furman v. Walter*, 13 How. Pr. [N. Y.], 348; Drake, Attachment, sec. 113; *Struthers v. McDowell*, 5 Neb., 491; *Rudolph v. McDonald*, 6 Id., 163.)

*P. E. Baird* and *Alfred Bartow*, contra:

Plaintiffs brought their suit in the firm name, which was not permissible at common law, nor is it under the Code. (*Haskins v. Alcott*, 13 O. St., 216; Maxwell, Pl. & Pr. [4th Ed.], 186; *Weisz v. Davey*, 28 Neb., 566.) The court did not err in denying the application for leave to file an amended affidavit. (*Reed v. Maben*, 21 Neb., 700; Waples, Attachment & Garnishment, 101; *Seidentopf v. Annabil*, 6 Neb., 524.)

Maxwell, Ch. J.

This action was brought in the county court of Sioux county by the plaintiff against the defendants, the cause of action being stated in the petition as follows:

"The plaintiffs herein, James H. Brookmire & Co., complain of the defendants herein, Burtis Rosa and Daniel

Thompson, and Rosa and Thompson, for that there is due and owing said plaintiffs, from the said defendants, the sum of $650 on account of goods sold and delivered by the said plaintiffs to the said defendants at the said defendants' request. Plaintiff herein therefore prays judgment of this court for $650 and interest thereon from this date, and costs of this cause."

On the same day an affidavit for an attachment was filed, the grounds of the attachment being that the defendants were about to "convert their property and a part thereof into money for the purpose of placing it beyond the reach of their creditors, and have assigned, removed, and disposed of, and are about to dispose of their property and a part thereof with the intention to defraud their creditors." An undertaking in the sum of $1,300 was given and approved. The goods of the defendants were thereupon seized under the attachment, and being perishable were sold by an order of the court. On January 6, 1890, an attorney for the defendant appeared specially and moved to quash the summons, which motion was overruled. A motion was thereupon filed for a more specific statement, which was sutained. On the same day the defendants filed a motion to discharge the attachment, and supported the motion by an affidavit. Leave was then given the attorneys for the plaintiff to file an amended affidavit for an attachment in which a new ground of attachment was set forth. The motion to discharge the attachment was thereupon overruled.

The defendants demurred to the petition upon the grounds: First, that the plaintiff had not legal capacity to sue, and, second, because the facts stated therein were not sufficient to constitute a cause of action. The demurrer was overruled, and the defendants not desiring to plead further, judgment was rendered in favor of the plaintiff for the sum of $630.41. We find no order for the proceeds of the attachment property. The cause was taken on error

to the district court. The record of the proceedings in that court is as follows:

"BURTIS ROSA AND DANIEL H. THOMPSON

*v.*

JAMES H. BROOKMIRE & CO.

" Now on this 16th day of April, 1890, being the second day of the regular April, 1890, term of the said court, this cause came on to be heard upon the petition in. error, and the transcript of the proceedings and final judgment of John W. Hunter, late county judge of said Sioux county, and was submitted to the court, on consideration whereof the court finds that there is error in said judgment and proceedings.

" It is therefore considered by the court that said judgment and said order overruling defendants' motion to discharge the property attached in said cause be, and the same hereby are, reversed at the costs to the present time of the defendants in error ; that the attachment heretofore granted in this action be, and the same hereby is, vacated and discharged, and the sheriff is required to return to plaintiffs in error all the property taken by him under said attachment, to each and all of which orders the defendants in error by their attorney duly except.

" Whereupon the defendants in error ask leave to file an amended petition herein, setting up the names of the individuals comprising the plaintiff's firm, which is granted by the court, and thirty days are allowed in which to file said amended petition and thirty days are allowed plaintiffs in error in which to answer thereafter. Defendants in error ask leave to file an amended affidavit of attachment herein, setting up the individual names of the plaintiff's firm, which motion is overruled by the court."

There is a certificate of the clerk showing what papers were before the district court, from which it appears that there was no bill of exceptions, and it is apparent that the district court held the proceedings insufficient because the

action was brought in the name of John H. Brookmire & Co. As to Brookmire, the petition and proceedings for attachment were unobjectionable. His name, so far as appears, was given in full, and he at least had legal capacity to sue.

The demurrer is joint, viz., that the plaintiffs have not legal capacity to sue; and one of the plaintiffs being shown to have legal capacity to sue, the demurrer cannot be sustained as to either. There is a material difference between a case of this kind and one where the action is brought in the name of a new entity differing entirely from the names of the individuals, as Brookmire & Co. In such case the new name does not indicate the Christian names of any of the members of the firm, and therefore there is a failure to show that the form is a legal entity. This objection does not apply to a name of one or more members of a firm.

Suppose the firm name was "James H. Brookmire," would any one contend that he would not have legal capacity to sue in any matter relating to the partnership affairs? I think not. No doubt a plea in abatement might be filed setting up any facts which would abate the suit—such as the name itself was a fiction and was not that of an individual; that there was a defect of parties plaintiff in that the members of the firm were not given, etc. We have discussed this proposition as though it appeared that the plaintiffs were a firm, although there is no allegation to that effect in the petition. The words following the name of a person, "& Co.," usually indicate that others than the person named have an interest in the business. This may not be so in fact, and the words may be explained as to their true meaning. In the case at bar this is sufficient, unless the proper objections are made, to entitle the plaintiff to recover. He, so far as appears, is an individual; and although he may have associates who may be joined, yet, if not so joined, he may maintain the action unless objection is made on that ground. A motion no

doubt may be filed to require the party to set forth the names of the other members of the company, if there are any, or the defendant may plead the defect in abatement of the action by demurring for a defect of parties plaintiff; or, where the defect does not appear on the face of the petition, by answer. It sometimes happens that the Co. is a mere fiction, and may be so in this case. It is evident that the plaintiff Brookmire may maintain the action, and the demurrer, as it applies to all plaintiffs, was improperly sustained.

An amendment of an affidavit for an attachment is proper, where it will be in furtherance of justice, even on the hearing; but no new cause of attachment which existed at the beginning of the action can be assigned, as a party must state all his grounds therefor when the action is brought, and cannot bring new ones by amendment. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.