CLARKE BANKING COMPANY V. ISAAC K. WRIGHT.

FILED JUNE 30, 1893.    No. 4812.

**Attachment:** MOTION TO QUASH: AMENDMENT OF AFFIDAVIT. An affidavit for the issuance of an attachment may be amended by leave of the court, even after a motion to quash the proceedings is filed, because of that particular defect.

ERROR from the district court of Buffalo county. Tried below before HAMER, J.

*J. M. Easterling, H. M. Sinclair,* and *Sinclair & Brown,* for plaintiff in error.

*Gid E. Newman, contra.*

MAXWELL, CH. J.

On the 1st day of April, 1891, the plaintiff commenced an action in the district court of Buffalo county against the defendant to recover money alleged to be loaned to the defendant by the plaintiff. On the same day the plaintiff, by J. M. Easterling, filed an affidavit for an order of attachment in said cause, as follows:

"STATE OF NEBRASKA,⎫ ss.
  BUFFALO COUNTY.     ⎬

"In the District Court of Buffalo County, Nebraska.

"THE CLARKE BANKING COMPANY⎫
            v.                    ⎬
     ISAAC K. WRIGHT.            ⎭

"J. M. Easterling, being first duly sworn, upon his oath deposes and says that he is the duly authorized attorney for the Clarke Banking Company, a corporation duly organized under the laws of the state of Nebraska and doing business in Buffalo county, Nebraska, with office and place of business at Sartoria, in said county and state; that plaintiff has commenced an action against Isaac K. Wright

in the district court of Buffalo county to recover the sum of $250, with ten per cent interest from March 4, 1891, now due and payable to the plaintiff from defendant for money loaned the defendant at his special instance and request.

"Affiant further says that plaintiff's claim is just, and that plaintiff ought, as he believes, to recover thereon the sum of $250; and that the defendant is a non-resident of the state of Nebraska, as he verily believes.

"J. M. EASTERLING.

"Subscribed in my presence and sworn to before me this 1st day of April, 1891.

"[SEAL.]                         WILL G. NYE,

"Clerk of the District Court of Buffalo County, Neb."

On the filing of said affidavit an order of attachment was issued and certain property of the defendant attached. Afterwards the defendant appeared and filed the following motion:

"Now comes the defendant, by his attorney, Gid E. Newman, and making a special appearance, objects to the jurisdiction of the court over the subject-matter of this suit for the reason that the affidavit filed herein, preliminary to the issuing of the attachment, is insufficient in law, because it states that the defendant is a non-resident, upon information, as he verily believes, and not in positive terms."

On the 13th day of June, 1891, and while the motion to dissolve the attachment was pending, the plaintiff made application to the court for leave to amend the affidavit for attachment as follows:

"Now comes the plaintiff and asks leave of the court to amend the affidavit of attachment in the above entitled cause, so that said affidavit may positively state that said defendant is a non-resident of this state."

The application to amend was overruled and the attachment discharged, and that is the error complained of. In this we think the court erred.

In *Struthers v. McDowell*, 5 Neb., 491, this court held that "An affidavit for the issuance of an attachment may be amended by leave of the court, even after a motion to quash the proceedings is filed, because of that particular defect." In delivering the opinion of the court Chief Justice LAKE says (pp. 493–4): "Under our statute of amendments great latitude is given to the court in permitting even material defects to be remedied, especially where they were occasioned by mistake or are the result of oversight, and it can be seen that by so doing substantial justice will be done. And this rule is not limited to pleading merely, but is applicable to all proceedings in civil actions. (*Irwin v. Bank of Bellefontaine*, 6 O. St., 81; *Campbell v. Whetstone*, 3 Scam. [Ill.], 361; *Langworthy v. Waters*, 11 Ia., 432; *O'Dea v. Washington County*, 3 Neb., 118.)" The decision in that case conforms to the spirit of the Code, and is right and will be adhered to. The court, therefore, should have permitted the amendment to be made. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.