JOHN DOBRY V. WESTERN MANUFACTURING COMPANY.

FILED DECEMBER 22, 1898.   No. 8527.

Affidavit for Attachment: AMENDMENT: NOTARY PUBLIC. While a
   notary public may not take the affidavit of his client for the
   purpose of procuring an attachment, the taking of an affidavit
   as indicated is a mere irregularity, and the affidavit is not a
   nullity, and its defects may therefore be cured by amendment.

ERROR from the district court of Howard county.
Tried below before HARRISON, J. *Affirmed.*

*Henry Nunn*, for plaintiff in error.

*Frank J. Taylor* and *F. H. Woods, contra.*

RYAN, C.

The questions presented in this case arise upon a motion to discharge an attachment and upon an order directing a sale of the attached property which was entered contemporaneously with the entry of final judgment.

It was held in *Horkey v. Kendall*, 53 Neb. 522, that a notary public who is the attorney of one of the parties to an action is not permitted to take the affidavit of his client for the purpose of procuring an attachment; but it was also held that an affidavit of the nature and taken as just indicated was not a mere nullity. Under these conditions it was proper to permit the amendment of the affidavit indicated as well as of the sheriff's return, for the objections to these amendments were entirely dependent upon the assumption that the affidavit in question was absolutely void. The right of the court to permit these amendments is recognized in *Struthers v. McDowell*, 5 Neb. 491; *Rudolf v. McDonald*, 6 Neb. 163; *Clarke Banking Co. v. Wright*, 37 Neb. 382; *Moline, Milburn & Stoddard Co. v. Curtis*, 38 Neb. 520.

As there is found no error in the record the judgment of the district court is

AFFIRMED.

HARRISON, C. J., not sitting.