GERMAN NATIONAL BANK OF BEATRICE V. AULTMAN, MILLER
& COMPANY ET AL.

FILED DECEMBER 18, 1901.   No. 10,492.

Commissioner's opinion, Department No. 1.

1. **Replevin:** AFFIDAVIT: APPEAL.   One who files an affidavit in
replevin in justice court, upon which the writ is issued, need not,
on appeal in district court, file a second affidavit, unless by
way of amendment.

2. ————: ————: CHANGE OF CAUSE OF ACTION: ORDER TO STRIKE.
Affidavit filed by leave of district court examined, and *held* not
to change cause of action, and the order of trial court striking
it from the files *held* erroneous.   SULLIVAN, J., dissenting.

ERROR from the district court for Gage county.   Tried
below before LETTON, J.   *Reversed.*

*George A. Murphy,* for plaintiff in error.

*Charles E. Bush, contra.*

Argued orally by *Murphy,* for plaintiff in error.

KIRKPATRICK, C.

This is a replevin action, brought in justice court of
Gage county, which resulted in a judgment from which an
appeal was taken to the district court, where the follow-
ing proceedings were had: On May 19, 1897, plaintiff
in error, plaintiff below, hereinafter styled "plaintiff," by
leave of court filed its petition in the district court, to
which defendant in error, defendant below, hereinafter
styled "defendant," filed for answer a general denial.   On
December 2, 1897, plaintiff was given leave to file an affi-
davit in replevin, which was done.   On the same day de-
fendant filed a motion to strike the affidavit in replevin
from the files for the following reasons: "First, because
said affidavit is superfluous, there being already an affi-
davit filed before this one in this court; second, because

said affidavit is different than the affidavit filed in the justice court, and upon which the action was tried in the court below, and changes the issues in this court from what they were in the court below." On December 3, 1897, this motion was sustained, and the affidavit stricken from the files. Plaintiff excepted to this ruling, and, refusing further to prosecute, a jury was impaneled at the request of defendant, and defendant was permitted to prove ownership and right of possession to the property, and the jury was by the court instructed to find for defendant. A motion for a new trial having been made and overruled, plaintiff brings the cause to this court for review upon error.

Several errors are assigned and argued by plaintiff, only one of which will be considered. The affidavit of replevin filed in justice court set out that the plaintiff had a special interest and right of possession in the property involved in suit by virtue of a chattel mortgage executed by Henry Ottoe to plaintiff thereon, which was duly filed, and that the plaintiff was entitled to the immediate possession thereof; but failed to allege that the mortgage was due by its terms, or that there had been any default authorizing plaintiff to take possession of the property. The affidavit in replevin filed in the district court pleaded the same matters contained in the affidavit in justice court, and in addition stated that the mortgage contained a provision that, when the mortgagee felt unsafe or insecure, or in case of an attempt to remove or dispose of the property, the mortgagee might take possession, and that the defendant had taken possession and was removing said property and converting it to its own use, and that the mortgagee felt unsafe and insecure. It seems clear that the trial court regarded the affidavit filed in the district court as such an amendment as changed the cause of action, and that, under the rule that a cause must be tried in the appellate court upon the same issues upon which it was tried in the lower court, the amendment was not permissible. This view was erroneous. An affidavit having been filed in justice court, there was no necessity for filing another in the district court, unless i:

was filed as an amendment to the one filed when the action was instituted. The record is silent upon this question, but the only reasonable view that can be taken in the premises is that when the court gave plaintiff permission to file the affidavit in the district court, it was understood to be an amendment. The affidavit in replevin has been held by this court to be a "proceeding," and has always been held to be amendable. *Commercial State Bank v. Ketcham,* 46 Nebr., 568. Plaintiff had a right, upon such terms as the court might prescribe, to amend the affidavit of replevin by setting out more particularly the cause of action already stated in the affidavit filed in the justice court, upon which the writ had been issued. This it did by filing, with leave of court, a new affidavit, and it was error for the trial court to strike such affidavit from the files.

It follows from what has been said that the action of the trial court was erroneous, and it is therefore recommended that the judgment be reversed, and the cause remanded for further proceedings in accordance with law.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

SULLIVAN, J., dissenting.

It seems to me perfectly plain that the judgment should be affirmed. The plaintiff voluntarily abandoned his case. He was not forced out of it by an erroneous decision. The commissioner's opinion proceeds on the assumption that the original affidavit was capable of being amended, and that the court erred in refusing to permit an amendment to be made. If the affidavit was void, the ruling complained of was right. *Commercial State Bank v. Ketcham,* 46 Nebr., 568; *Bolin v. Fines,* 51 Nebr., 650. If it was not void the ruling was, at most, harmless error. If the proceeding by

which plaintiff obtained the property was irregular it would, nevertheless, entitle him to retain possession until quashed by an order of the court. At the time plaintiff withdrew from the case the proceeding had not been assailed; in fact it never has been questioned, and, after a trial on the merits before the justice of the peace and the filing of pleadings in the district court, it was probably too late to question it. *Hudelson v. First Nat. Bank,* 51 Nebr., 557; *Furrow v. Chapin,* 13 Kan., 107; *McKee v. Metraw,* 31 Minn., 429; 18 Ency. Pl. & Pr., 517. The issue to be tried in the district court was formed by the pleadings and could not have been in any way affected by the matters stated in the affidavit stricken from the files. Had the plaintiff proceeded to trial, as he might have done notwithstanding the order sustaining defendant's motion to strike, a judgment in his favor would have confirmed his possession and forever ended the controversy. I do not see any propriety in sending the case back to the district court so that plaintiff may fortify a position which has been neither menaced nor assailed, and which is probably impregnable.