FIRST NATIONAL BANK OF GREENWOOD, NEBRASKA, V. A.
L. VAN DOREN ET AL.

FILED MARCH 4, 1903.   No. 12004.

Attachment: DISSOLUTION: SEVERAL CAUSES OF ACTION: DISMISSAL
OF PART.   Where a writ of attachment issues for the whole
amount claimed in several causes of action included in the same
petition, and afterward, and before trial, some of such causes of
action are dismissed by the plaintiff, a motion to dissolve the
attachment, based on such dismissal, should be sustained.

ERROR to the district court for Cass county: PAUL
JESSEN, DISTRICT JUDGE.   *Order dissolving attachment
affirmed.*

*C. S. Polk,* for plaintiff in error.

*Byron Clark* and *C. A. Rawls, contra.*

ALBERT, C.

The plaintiff filed a petition stating five causes of ac-
tion, the amount claimed aggregating $1,700, and the
necessary affidavit for an order of attachment for the full
amount claimed.   The writ issued, and was duly levied
on the property of the defendant.   Afterward, for reasons
not material to the present inquiry, four of the causes of
action were dismissed. The defendant answered, and be-
fore trial filed a motion to dissolve the attachment, on the
grounds, among others, that four of the causes of action
on which the attachment was issued had been dismissed,
and that the levy was excessive.   The motion was sus-
tained, and from the order of the court dissolving the
attachment, the plaintiff prosecutes error to this court.

The remedy of attachment is a harsh one. To prevent, so far as possible, its oppressive use, it is hedged about with certain restrictions, chief among which is that the writ will not issue until after the action in which it is sought has been brought, and then only on the filing of an affidavit showing, among other things, the nature of the plaintiff's claim, that it is just, and the amount the affiant believes the plaintiff is entitled to recover thereon. Sections 198, 199, Code of Civil Procedure. The writ limits the property to be seized thereunder to sufficient to satisfy the amount the affidavit shows the plaintiff is supposed to be entitled to recover, and the probable cost of the action, not exceeding $50. Section 201, Code of Civil Procedure.

In the present case the action had been duly brought and the necessary affidavit for an attachment filed. As before stated, the petition stated five causes of action. The amount shown by the affidavit as that which affiant believed the plaintiff entitled to recover, was the aggregate amount claimed on the five causes of action, and the writ issued accordingly. But when four of the causes of action were dismissed, so far as the writ is concerned, it was the same as though they had never been brought; and such dismissal further operated as a retraction of that part of the affidavit based on such four causes of action. We have, then, a writ of attachment, authorizing the seizure of the defendant's property for the satisfaction of five claims, when the action is for the enforcement of but one, which is not supported by an affidavit showing the amount the affiant believes the plaintiff is entitled to recover, because, after the retraction, necessarily implied from the dismissal of the four causes of action, the affidavit does not show such amount. It is true it shows the amount the plaintiff seeks to recover, but the statute is specific that it must show the amount the affiant believes the plaintiff is entitled to recover. Section 199, *supra.* Had these omissions existed when the writ issued, it will not be claimed that it could be upheld. In our opinion,

they are no less fatal when arising subsequently. To hold otherwise would, in effect, permit the very abuses which the statute, making the affidavit a prerequisite to the issuance of the writ, was designed to prevent. The motion to dissolve the attachment was rightly sustained, and we recommend its affirmance.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the order of the district court is

AFFIRMED.

SEDGWICK, J., concurring.

The defendant A. L. Van Doren executed five several promissory notes jointly with as many different parties, no two of the notes having the same makers. Plaintiff began this action against all of the makers of the notes, the petition containing five counts, each declaring upon one of the notes. The amount due upon the five notes aggregated about $1,700, and the plaintiff procured an attachment in the action for the full amount, which was directed against the property of Van Doren only. All of the defendants except Van Doren demurred severally to this petition for misjoinder of causes of action. Thereupon plaintiff, instead of docketing several actions as it might have done, dismissed three of its causes of action, and dismissed the action as to all of the defendants except Van Doren, who then demurred to the petition for the reason that there was a defect of parties defendant. The demurrer was sustained by the court. Plaintiff then dismissed another cause of action, and again made the makers of the note constituting the remaining cause of action parties by a new summons. The amount of this note was $549. Van Doren then answered, and filed a motion to discharge the attachment on the ground, among other things, that the grounds alleged for the attachment were

untrue, and that the attachment was excessive and malicious. The court found that the defendant Van Doren and his wife had fraudulently conveyed their property, which conveyance had resulted in defrauding the creditors of the said Van Doren, and also found that "the petition filed, and affidavit for an attachment herein and the writ issued thereon alleged that there was due upon the several causes of action the sum of $1,700; that subsequent to the levying of said writ the plaintiff dismissed from its said petition four causes of action aggregating the sum of $1,230. The court further finds as matter of law that by the dismissal of said causes of action a presumption attaches that the grounds for the attachment as alleged in said affidavit did not exist as to these four causes of action, dismissed from said petition and said attachment being wrongful as to one cause is vitiated as to all of said causes of action." The court therefore discharged the attachment.

The opinion of the commissioner is that the attachment was excessive, and for that reason the order discharging it was correct. I felt much hesitation in consenting to this view of the case. No doubt the plaintiff, when it dismissed its causes of action, should also have released a part of the property from the attachment, and, when the motion was filed to discharge the attachment upon the ground that it was excessive, the plaintiff without doubt might have asked the court to discharge the attachment as to the excessive levy, and retained its lien for the claim which it succeeded in establishing. The plaintiff seems to have put itself in the position of insisting upon holding all of the property or none. It clearly was not entitled to hold all the property under this attachment, and for this reason I am constrained to concur in the conclusion reached.