DWYER, APPELLEE, *v.* THE WILEY HOTEL CO., INC., APPELLANT.

(No. 698—Decided March 27, 1952.)

*Messrs. Spidel, Staley & Hole,* for appellee.
*Mr. T. A. Billingsley,* for appellant.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Darke County.

Plaintiff sued for damages for breach of contract.

In her petition plaintiff alleged that on March 9, 1949, defendant sold to the plaintiff the restaurant equipment known as the Coffee Shop which occupied space in the defendant's hotel together with supplies and merchandise inventoried at $533.84. Plaintiff alleged further that on the same date. the defendant entered into a written agreement for the lease to the plaintiff of the space used by the Coffee Shop and granted plaintiff exclusive right to serve food in the basement. The lease was for a period of one year with the privilege of renewal for an additional five-year period.

Plaintiff alleged further that on May 9, 1949, the defendant, through its agent, locked the doors to such business room; refused to permit plaintiff to continue to operate the business; took possession of the supplies, equipment and merchandise over plaintiff's objection and without her consent; and refused to pay plaintiff the value thereof. Plaintiff claims damage in the amount of $3,800.

The defendant set up two defenses. First, a general denial, and, second, that plaintiff and her associates indulged in profane and obscene language and conducted themselves in a highly disreputable manner to the annoyance of the guests of the hotel, and that by reason thereof the Coffee Shop was closed. Defendant denied further that plaintiff was operating the Coffee Shop at a profit. A reply was filed denying new matter alleged in the answer.

The case was tried to a jury which returned a verdict for $3,800, on which judgment was entered. On motion for new trial, the court ordered a remittitur in the amount of $1,300, which plaintiff accepted, and reduced the judgment to $2,500. From that order the defendant appeals.

Although the defendant has assigned fourteen separate errors, in its brief it is stated that two principal

questions are presented. First, whether Cleo Beasecker should have been made a party to the action, and, second, whether plaintiff can claim damages for loss of profits. The first question was seasonably raised by motion. The defendant contends the evidence shows that Beasecker was a partner of the plaintiff in the purchase and conduct of the business; that the suit should have been brought in the name of the partnership; and that the court should have ordered that Beasecker be made a party. Sections 11254 and 11255, General Code. There is evidence to the effect that Beasecker furnished the money to the plaintiff to purchase the inventory; that plaintiff gave Beasecker a note for a part of the money advanced; and that Beasecker was present at the taking of the inventory and at the time the lease was executed. There is some evidence indicating that Beasecker was to share in the profits of the business in the beginning, but the essential element of general agency is wholly lacking. *Harvey* v. *Childs and Potter,* 28 Ohio St., 319, 22 Am. Rep., 387; *Southern Ohio Public Service Co.* v. *Public Utilities Commission,* 115 Ohio St., 405, 154 N. E., 365; *Hadden* v. *Rowe,* 130 Ohio St., 10, 14, 196 N. E., 667. Conceding that Beasecker was a partner, the evidence shows that he was a dormant or silent partner. All business was transacted in the name of the plaintiff; all bills were charged to the plaintiff; the bank account was in the plaintiff's name; and the vendor's license was in her name. It is not necessary that a dormant or silent partner be joined in the action. In 40 American Jurisprudence, 432, Section 433, it is stated:

"While, as a general rule, all the members of a partnership must be joined as parties plaintiff in actions by partnerships, there are certain well-recognized exceptions which are not subject to such re-

quirement. The most important of these governs the case of dormant or special partners, for it is now well established that it is not necessary that a dormant partner or a nominal partner be joined as a plaintiff, if his nonjoinder does not in any way injure the defendant. The other partners have the option of joining the dormant partners as plaintiffs with them in a suit on behalf of the partnership. Where a contract is made and the work executed by a person in his own name, the fact that he is a member of a partnership, even if the other partners share in the profits, does not make it necessary to join them as parties.''

In our opinion the trial court properly held that Beasecker's interest in the business was that of a creditor, and that he was not a necessary party to the suit.

There was evidence presented as to the income, expenses and profits made during the conduct of the business. Profits are recoverable as damages if profits were in the contemplation of the parties at the time the contract was made and there is a reasonable certainty that profits were in fact lost as a result of the breach. 13 Ohio Jurisprudence, 155, 161, Sections 73, 78. See, also, *LoSchiavo* v. *Northern Ohio Traction & Light Co.*, 106 Ohio St., 61, 67, 138 N. E., 372, 27 A. L. R., 424; *Cleveland Punch & Shear Works Co.* v. *Consumers Carbon Co.*, 75 Ohio St., 153, 78 N. E., 1009; *Jaynes* v. *Vetel*, 51 Ohio Law Abs., 202, 80 N. E. (2d), 621. In our opinion the evidence meets this test.

We find no error assigned well made.

*Judgment affirmed.*

HORNBECK, P. J., WISEMAN and MILLER, JJ., concur.