**Charles L. SHOAFF, Plaintiff,**

v.

**L. L. GAGE, Defendant.**

**Civ. 0379.**

United States District Court
D. Nebraska.

Nov. 20, 1958.

Donald L. Wood, Mitchell, Neb. (Herman & Van Steenberg, Mitchell, Neb., for plaintiff.

Rush C. Clarke, North Platte, Neb., (Beatty, Clarke, Murphy & Morgan) North Platte, Neb., for defendant.

VAN PELT, Judge.

Plaintiff, Charles L. Shoaff, Sr., then a resident of Wyoming, filed suit in the District Court of Banner County, Nebraska, against L. L. Gage, a resident of Oklahoma. Property of the defendant was attached in Banner County. See filing number 17 herein. Process was served on defendant in Oklahoma. The action was removed to this court by the defendant, who subsequently moved to dismiss for lack of jurisdiction over his person, and also for the reason that he was not properly served. That motion was overruled. See filing number 18.

Defendant subsequently filed his answer alleging in each of the plaintiff's three causes of action: (1) plaintiff fails to state a claim upon which relief can be granted; (2) plaintiff is not the real party in interest; and (3) defendant denies all the allegations except the following from plaintiff's petition:

"5. That although the defendant is now a non-resident of the State of Nebraska, and is a resident of the State of Oklahoma, the defendant owns certain real estate or interests in real estate in Banner County, Nebraska, upon which the plaintiff is desirous of obtaining an order of attachment and that for this reason this action was commenced in the District Court of said county."

Following the filing of the above answer, plaintiff filed a "Motion to Amend Petition Allowing Addition of Party Plaintiff". He represents that the causes of action he alleged are in fact owned by "Charles L. Shoaff, Sr. and Charles L. Shoaff, Jr., a co-partnership, doing business as Nebco Cable Tool Service Company." He represents that the Shoaffs, Sr. and Jr., are now residents of Farmington, New Mexico and that Charles L. Shoaff, Jr. "is accessible to the jurisdiction of the court and that his citizenship is such as not to defeat such jurisdiction." He asks leave to "amend his Petition by the addition of Charles L. Shoaff, Jr., a co-partnership, doing business as Nebco Cable Tool Service Company." Defendant thereupon filed a "Motion for Summary Judgment" based on the ground that "there is no genuine issue as to any material fact * * * it being undisputed that plaintiff is not the real party in interest and has and claims to have no claim or cause of action against the defendant."

The original petition lists "Charles L. Shoaff" as plaintiff. Plaintiff's motion to amend asks the addition of "Charles L. Shoaff, Jr., a co-partnership, doing busi-

ness as Nebco Cable Tool Service Company" and reveals that the original Charles L. Shoaff is designated "Senior". This proposed amendment would leave the amended petition showing "Charles L. Shoaff, Sr. and Charles L. Shoaff, Jr., a co-partnership, doing business as Nebco Cable Tool Service Company" as plaintiff. The first question is—Does this leave the partnership or the two partners jointly as the plaintiff or plaintiffs in this case?

The case of Union Pacific Railway Co. v. Metcalf & Wood, 1897, 50 Neb. 452, 69 N.W. 961, 962, involved the following: "Plaintiff, for cause of action against the defendant alleges that this plaintiff, Metcalf & Wood, is a firm of persons composed of Lafayette Metcalf and James H. Wood, formed for the purpose of doing business in this state * * *." Metcalf died after the suit was brought and defendant filed a plea in abatement alleging that the partnership in reality was the plaintiff and since the partnership had dissolved upon Metcalf's death, the suit had abated. The Nebraska Supreme Court held that the action was brought by the *individual partners* and the surviving partner had the right to proceed with the case.

In the case of Hanna v. Emerson, Talcott & Company, 1895, 45 Neb. 708, 64 N.W. 229, a suit against "Robert Hanna, and one J. M. Sugar, members comprising the firm of Hanna & Sugar," was deemed a suit against the individuals. The court said that their partnership relation stated in the petition and process was merely *"descriptio personæ."* Other cases to the same effect are cited below.*

* Independent Elevators v. Davis, 1928, 116 Neb. 397, 217 N.W. 577, "An action against 'A. and B., copartners doing business as A. & B. Co.,' is not a suit against the partnership as a separate entity." [from headnote 3]; Wigton & Whitham v. Smith, 1899, 57 Neb. 299, 77 N.W. 772, 773. An action against "Frank P. Wigton and George L. Whitham, partners doing business in the state of Nebraska under the firm name and style of Wigton & Whitham" constituted a suit against the individuals; Roggenkamp v. Hargreaves, 1894, 39 Neb. 540,

58 N.W. 162. Action against "William Roggenkamp and Charles Scott, partners doing business as Scott and Roggenkamp" was an action against individual partners; Herron v. Cole Brothers, 1889, 25 Neb. 692, 41 N.W. 765, 766. Action against "Mary F. Herron and William H. Chapman, partners, doing business as Herron & Chapman, in Nebraska" was an action against the partners individually; Rowland v. Shephard, 1889, 27 Neb. 494, 43 N.W. 344. Action against "Charles C. Collins and Henry Rowland, in business under the firm name

At the time this suit was originally instituted Shoaff was a resident of Wyoming. Under the Wyoming law this would also be considered a suit by the individual partners. See L. C. Jones Trucking Co., Inc., v. Superior Oil Co., 1951, 68 Wyo. 384, 234 P.2d 802, 804, where it was held that a suit against "Jo. E. Fletcher and John B. Shaw, doing business as Fletcher and Shaw" was an action only against the individuals.

■ Under Rule 17(b), Fed.Rules Civ. Proc. 28 U.S.C.A., the capacity of an individual to sue is determined by the law of domicile. Neither the statutes of Nebraska nor Wyoming, which permit partnerships to sue in the firm name (Compare Wyoming Compiled Statutes § 3–619 with Nebraska Revised Statutes § 25–313) purport to deny any partner the right to sue on causes of action which accrued in the course of the partnership business. In the L. C. Jones Trucking Co. case, supra, the Wyoming court approved language to the effect that, except as modified by statute, "suits on behalf of a partnership *must* be brought in the individual names of the members of the partnership, and not in the firm name". As to the Nebraska law, see Union Pacific Railway Co. v. Metcalf & Wood, supra; Cinfel v. Malena, 1903, 67 Neb. 95, 93 N.W. 165.

■ In defendant's affidavit it is said that the co-partnership consists of Charles L. Shoaff, Sr., Charles L. Shoaff, Jr. and the wife of Charles L. Shoaff, Sr. The plaintiff's motion does not include the wife of the senior Shoaff as a partner. The plaintiff's deposition in the case indicates that the wife is a partner only in the sense "like all wives are" and hence not a partner in the legal sense. Even if Shoaff's wife were considered a partner in this case it appears that she would be no more than a dormant partner, and as stated in 68 C.J.S. Partnership, § 208 e: "The joinder of a dormant partner as a party plaintiff in an action by ostensible partners in behalf of the firm is proper, but not necessary." This rule has been expressly adopted in Nebraska. Brown v. Globe Lab., Inc., 1957, 165 Neb. 138, 84 N.W.2d 151. Although no direct authority was found, nothing appears to indicate that Wyoming would not follow that general rule. The statutory provision regarding suits by partnerships (Wyoming Compiled Stat. § 3–619 [1945]) was, according to the annotator's note, taken from Ohio law. It may be persuasive that Ohio permits suits by partners who do not join a "dormant or silent partner." Dwyer v. Wiley Hotel Co., 1952, 91 Ohio App. 525, 108 N.E.2d 859, 860. The Court concludes that the two partners have authority to bring this suit under the facts as they now appear. It is further expressly concluded that this is a suit by the two partners jointly on the causes of action due to the partnership and is not a .suit by the partnership entity as such.

The defendant has raised defenses which it claims show either that the Court is without jurisdiction of this matter or will be subject to the attack of lack of jurisdiction, because the attachment on which jurisdiction is based may be quashed. Defendant's first contention is that the record reveals that the Court's jurisdiction is based on an affidavit for attachment which affidavit is false for stating that Charles E. Shoaff ought to recover the entire sum in the lawsuit, when in fact it is now admitted that Charles E. Shoaff, alone, is not entitled to recover the amount claimed. Arguing

---

of Collins & Rowland" was an action against the partners individually; King v. Bell, 1882, 13 Neb. 409, 14 N.W. 141. Action against "John King and Fred Weber, doing business as King & Weber" was against the partners individually. The one case to the contrary, Morrissey v. Schindler, 1885, 18 Neb. 672, 26 N.W. 476 was expressly overruled by

Hanna v. Emerson, Talcott & Company, supra. The case of State ex rel. Johnson v. Tautges, Rerat & Welch, 1945, 146 Neb. 439, 20 N.W.2d 232 did not raise the question, it being clear that the plaintiff intended to proceed against the partnership entity as well as the individuals.

from the premise that the affidavit is false, defendant claims the entire proceeding is either void, or that the attachment is subject to a motion to quash which will avoid the jurisdiction of this Court.

Defendant also contends that two of the plaintiff's three causes of action are verbal assignments to plaintiff for collection, and thus plaintiff (whether as originally constituted or as amended) is not entitled to sue upon them. Defendant goes on to state that since he is not liable to plaintiff for two of the three causes of action claimed in the affidavit for attachment, the entire attachment may be quashed.

█ The Court will first address itself to the proposition that two of the plaintiff's three causes of action were assigned to him (or to the partnership) for collection only, and were verbal assignments. This is asserted as being admitted by the senior Shoaff's testimony. Examination of the deposition reveals that these causes of action were assigned verbally and that no consideration was given for them. It is not stated that they were taken for collection. It is a permissible inference that they could have been gifts, although the Court is aware of the remoteness of this possibility. In any event, the Court may not conclude that the plaintiff has no standing to sue until this has been proved. The Court assumes without deciding that a verbal assignee of a claim for collection is not a real party in interest and could not recover on such claims. Even if this were so and if two of plaintiff's claims were such assignments for collection, the Court does not agree with the defendant's conclusion that this will void the entire attachment or make it subject to a motion to quash. The defendant cites the following cases as sustaining the proposition that where an attachment issues for the whole amount claimed in several causes of action included in the same petition, and afterward, before trial, some of the causes of action are dismissed, a motion to dissolve the entire attachment will have to be sustained: First National

Bank of Greenwood v. Van Doren, 1903, 68 Neb. 142, 93 N.W. 1017; Mayer & Schurmann v. Zingre, 1885, 18 Neb. 458, 25 N.W. 727; Meyer v. Evans, 1889, 27 Neb. 367, 43 N.W. 109, and Dolan v. Armstrong, 1892, 35 Neb. 339, 53 N.W. 132. In each of the latter three cases the affidavit for attachment was grounded on the basis that the debts had been fraudulently contracted. It subsequently appeared that at least part of the debts claimed in each of those cases had not been fraudulently contracted, and the court, as defendant claims, quashed the entire attachment. See, also: National Reefer Service, Inc., v. Felman, 1957, 164 Neb. 783, 83 N.W.2d 547. As the court said in the case of Mayer & Schurmann v. Zingre, supra:

"The only question which remains to be considered is whether an attachment which has been issued on two causes of action, one of which is a proper and statutory cause for attachment, and the other of which is not, can be sustained. The framers of the statute seem to have recognized the process of attachment as a harsh remedy, and one which, though proper in a certain class of cases, should be confined within strict and narrow limits. Hence they provided that an order of attachment should only be issued in any case after an affidavit has been filed showing the nature of the plaintiff's claim, that it is just, the amount which the affiant believes the plaintiff ought to recover, and the existence of some one of the grounds for an attachment enumerated in the preceding section. These, with other provisions, clearly indicate the purpose of the legislature to secure the people against unauthorized and excessive attachments. These provisions would afford no protection if a party holding a small claim, upon which an attachment might lawfully issue, may attach to it another claim, upon which, under the law, no attachment could be issued, and obtain an attachment for the consolidated

and increased amount." 18 Neb. 461, 462, 25 N.W. 728.

The distinction between those cases and the case at hand is that the *basis* for attachment, i. e. the fraudulent contraction of the debt did not exist as regards all of the causes of action. In the case at hand the *basis* or cause for the attachment was that the defendant was a nonresident. This basis will exist whether or not it is ultimately determined that the plaintiff is entitled to recover on all three of his claims. Those cases dismissing when the cause for attachment was absent are consistent with other cases discussed *infra* that a false basis for attachment will void the entire attachment and that a new cause for attachment may not be introduced by amendment. The Van Doren case, supra, most closely supports the defendant's position. In that case the plaintiff had sued out an attachment for the total amount claimed in five causes of action. Subsequently, four of the causes of action were dismissed. The District Court sustained the defendant's motion to dissolve the entire attachment on the ground that the levy was excessive and the Nebraska Supreme Court affirmed. The language of the majority opinion is somewhat cryptic as to the reasons for dissolving the entire attachment rather than reducing it to the amount of the remaining cause of action. The concurring opinion by Judge Sedgwick more fully explains the reasons in the following language:

> "No doubt the plaintiff, when it dismissed its causes of action, should also have released a part of the property from the attachment, and, when the motion was filed to discharge the attachment upon the ground that it was excessive, the plaintiff without doubt might have asked the court to discharge the attachment as to the excessive levy, and retained its lien for the claim which it succeeded in establishing. The plaintiff seems to have put itself in the position of insisting upon holding all of the property or none. It clearly was not entitled to hold all the property under this attachment, and for this reason I am constrained to concur in the conclusion reached." 68 Neb. 145, 93 N.W. 1018.

From this, it appears that in the case at bar, if it subsequently appears that the plaintiff is not entitled to recover on part of its causes of action that this will not be grounds for dissolving the attachment *in toto* but will only be grounds for reducing the attachment by the amount of the dismissed claims. It cannot be presently anticipated that this plaintiff will engage in the practice of the plaintiff in the Van Doren case by insisting on retaining an attachment in excess of its pending claims.

The final defense is that the affidavit on which the attachment is based is fatally defective. The original affidavit showed "Charles L. Shoaff" as plaintiff, and plaintiff's attorney stated in the affidavit that "the plaintiff ought as he believes to recover * * *." On the face of the record, the motion for amendment shows that Charles L. Shoaff, Sr. is not alone entitled to recover, but rather that these are claims due the partnership and can only be recovered in a suit by the partnership, or by the partners jointly as proposed by the amendment. Defendant claims that because of this defect, the attachment is either void or is subject to a motion to quash. In order to expedite this proceeding, the defendant's motion for summary judgment will be considered as though it contained a motion to quash the attachment, and plaintiff's motion to amend the complaint will be treated as though it contained a motion to amend the affidavit. The problem then is whether the affidavit may be amended to correctly show the real plaintiffs or whether the defect is such that the attachment must be quashed. If the attachment is quashed, then the court's jurisdiction falls and the case must be dismissed. See Memorandum filing number 17 herein (unreported) for a discussion of the Court's jurisdiction in re-

moved cases where the state court acquired only *in rem* jurisdiction based on attachment.

It is quite clear that the federal courts generally grant amendments so that cases may be heard on the merits rather than dismissed because of defective pleading. The same policy is in effect as to misjoinder of parties.

Rule 15(a) instructs the Court that leave to amend pleadings "shall be freely given when justice so requires." Rule 21 provides: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. * * * *"

In the case of Farmers Co-op v. Socony-Vacuum Oil Co., 8 Cir., 1942, 133 F.2d 101, the District Court, 43 F.Supp. 735 had sustained defendant's motion to dismiss the action of an oil cooperative on the ground that not being the real party in interest it had stated no claim on which relief could be granted. The Eighth Circuit Court in reversing the District Court and permitting the addition of the proper parties plaintiff, stated:

"We agree with the conclusion of the district court that the complaint fails to state a claim upon which relief can be granted. It is obvious, however, from reading the complaint that the plaintiff and its stockholders claim to have individual rights of action against the defendants, all of which depend upon common questions of law and fact; and that they have erred only in their attempt to plead such rights of action. For this reason we think the court erred in dismissing the complaint without granting leave to amend. The case is therefore remanded with instructions to modify the judgment appealed from by granting plaintiff a reasonable time in which to amend the complaint, if it is so advised, by setting out its own cause of action and the causes of action and damages sustained by as many of its stockholders as may elect to join as parties plaintiff, and for further proceedings consistent with this opinion." 133 F.2d 105.

The United States Supreme Court has permitted an amendment to add the "real party in interest" as late as during the proceedings before its bench where it appeared that the opposing party had not been prejudiced by the absence of the persons added. See Mullaney v. Anderson, 1952, 342 U.S. 415, 72 S.Ct. 428, 96 L.Ed. 458.

Deferring until later the question of the content of state law, the Court must first meet the question of whether state or federal law is to control amendability. The Court has been benefited by an excellent opinion of Judge Hoffman in the case of Tanko v. Saperstein, D.C.Ill. 1957, 149 F.Supp. 317. Judge Hoffman there considered the exact question of the amendability of an affidavit for attachment when attachment was the basis of jurisdiction in a removed case.

The Court can only say, at the conclusion of its own research and after reading the briefs of the parties, that it cannot improve on the analysis provided by Judge Hoffman. It seems clear that if this Court amends an affidavit so as to sustain an attachment which would have been quashed in the state courts that this would be tantamount to issuing an original attachment to obtain *in rem* jurisdiction. It is elementary that this the Court cannot do. For a thorough analysis of applicable rules, statutes and cases, the reader is referred to the Tanko case, and the Court will not prolong this opinion with extensive quotation of authority.

From the foregoing, it is clear that the Nebraska law must control as to whether an amendment to the affidavit may be made to show the real parties in interest or whether the attachment is to be quashed.

The starting point on the question of amendment is Nebraska Rev.Stat. § 25–852 (Reissue 1956) which provides:

"The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, *by adding or striking out the name of any party or by correcting a mistake in the name of the party* * * *. when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. * * *" (Emphasis supplied.)

■ This is the general amendment statute which governs amendments to all "pleading, process, or proceeding." It has been expressly held that this statute, or its predecessors, is applicable to the amendment of an affidavit for attachment. As stated by the court in Struthers v. McDowell, 1877, 5 Neb. 491, 493, in permitting an amendment of an affidavit for attachment to show the venue of the notary:

"Under our statute of amendments great latitude is given to the court in permitting even material defects to be remedied, especially where they were occasioned by mistake, or are the result of oversight, and it can be seen that by so doing, substantial justice will be done. And this rule is not limited to pleading merely, but is applicable to all proceedings in civil actions."

This language was quoted and followed in the case of Clarke Banking Company v. Wright, 1893, 37 Neb. 382, 55 N.W. 1060, in permitting an amendment to an affidavit for attachment to show a positive oath rather than an oath on belief.

The above cases were subsequently approved by the court in the case of Dobry v. Western Manufacturing Company, 1898, 57 Neb. 228, 77 N.W. 656, in permitting an affidavit for attachment, which was improperly notarized before plaintiff's attorney, to be amended by proper notarization. In the case of Moline, Milburn & Stoddard Company v. Curtis, 1893, 38 Neb. 520, 57 N.W. 161, the court approved amendment of an affidavit for attachment to better show the affiant's agency relation to the plaintiff and who was making the affidavit, although technically the original affidavit was considered not defective.

■■ One instance in which an affidavit for attachment may not be amended is where the proposed amendment will add a new basis or cause for attachment. Brookmire v. Rosa, 1892, 34 Neb. 227, 51 N.W. 840. This seems consistent with the cases holding that if the basis for attachment is false, the attachment proceedings are void. J. R. Watkins Company v. Sorenson, 1958, 166 Neb. 364, 88 N.W.2d 902; German Nat. Bank of Lincoln v. Kautter, 1898, 55 Neb. 103, 75 N.W. 566. It is also consistent with the cases discussed above which quash an entire attachment when part of the claims are claims as to which there is no basis or cause for attachment. This is a recognition of the harshness of attachment and the refusal to allow it to be used oppressively. Rather strict adherence to the requirements is demanded. These rulings are to be considered as the Nebraska Court's interpretation of permitting an amendment "in furtherance of justice."

As was discussed above, however, the Nebraska Court does permit amendment of even material defects when there is no prejudice to the opposing parties. The defendant in his brief has stressed the similarity of affidavits for attachment and affidavits for replevin. Insofar as the amendability of such affidavits is concerned the Court recognizes the similarity of the two, both because they are each governed by the general amendment statute above, and also because of their generic relation.

Defendant cites the case of Flanders v. Lyon & Healy, 1897, 51 Neb. 102, 70 N.W. 524. The court there refused to permit amendment to substitute a new plaintiff. It was unclear whether the suit was brought originally by the wrong party or whether the claim had been assigned subsequent to institution of suit. The court concluded that in either ᴖvent

there could be no substitution of parties. That case was expressly distinguished in the case of Omaha Furniture & Carpet Company v. Meyer, 1908, 80 Neb. 769, 115 N.W. 310. In this case, a replevin action, the court permitted an amendment to show the true name of the plaintiff rather than the business name in which the suit was brought. It appears that the petition was amended but it is not clear from reading the opinion whether the affidavit was amended. This was not a substitution but merely a correction.

The Omaha Furniture case was followed by and cited in the case of Weekes Grain & Live Stock Company v. Ware & Leland, 1915, 99 Neb. 126, 155 N.W. 233, in which it was held proper to amend an ordinary civil petition to permit the managing officers of a dissolved corporation to become the plaintiffs in a suit improperly instituted by a dissolved corporation.

The Omaha Furniture case was again cited in the case of Packer v. Snyder, Malone, Coffman Company, Inc., 1938, 133 Neb. 756, 760, 277 N.W. 60, 62. That case involved the precise question which is involved in the case at bar. The suit was brought in the name of William Packer. Subsequently it appeared that the plaintiff's son, Perley Packer, was a co-partner with his father and should have been named plaintiff. The trial court first granted an amendment changing the plaintiff by adding Perley Packer but after a verdict for plaintiff reversed itself and dismissed the case. On appeal the Nebraska Supreme Court reversed the trial court and reinstated the judgment. The court apparently relied on the reasoning in the Omaha Furniture case that this "was not a change in the real parties in interest, but by inadvertence or mistake the suit had been commenced in the wrong name". The court stated:

"* * * it was entirely proper in this case, when one partner had begun an action in his own name, to add, with the permission of the court, the name of the other partner, and this court cannot see any reason why this change was in any way prejudicial to the appellee, as the issues were not changed in any way.

"It is right for the court, in every stage of an action, to disregard any error or defect in the pleadings which does not affect the substantial rights of the adverse party. Comp. St.1929, § 20–853." [Now Neb.Rev. Stat. § 25–853 (Reissue 1956)]

Although this did not involve an affidavit for attachment, it has been demonstrated that the same principles govern amendment of petitions and amendment of affidavits. The Court fails to see how any prejudice will result by adding the name of the junior Shoaff in this case. The issues have not been changed.

The defendant has also cited to the Court the case of Commercial State Bank of Crawford v. Ketcham, 1895, 46 Neb. 568, 65 N.W. 201. In that case the affidavit for replevin alleged an interest in the affiant, and not in the plaintiff. The court refused to allow an amended affidavit swearing to ownership in the plaintiff. The rationale of the case was that there was a total lack of the necessary affidavit showing ownership in the plaintiff and there being a total absence of the necessary affidavit, there could be no amendment, and the case must be dismissed. This is the same general rationale as motivated the court in the Flanders case, supra. The Omaha Furniture and the Packer cases, supra, seem to have cut the ground from under this reasoning. The reasoning of the Ketcham and Flanders cases seems unnecessarily narrow, but insofar as they affect this case, cannot be deemed determinative as to Nebraska law. See, also, Pekin Plow Company v. Wilson, 1902, 66 Neb. 115, 92 N.W. 176, and German National Bank of Beatrice v. Aultman, Miller & Co., 1901, 63 Neb. 324, 88 N.W. 479, which permit amendment of the petition and affidavit in replevin to show general rather than special interest in the replevied property. In the Aultman case, Judge Sullivan dissented on the ground that the affidavit was void, citing the Ketcham case. The majority, of course, did not follow that reasoning.

One final case should be discussed. The defendant has quoted extensively from the case of N. Westover & Co. v. Van Dorn Iron Works Co., 1903, 70 Neb. 415, 97 N.W. 598. The plaintiff there set out his cause of action in the affidavit for attachment as being based on goods and services rendered by plaintiff. Subsequently, plaintiff wished to amend to show that the goods and services had actually been rendered by another and the claim assigned to plaintiff. The court refused to permit the amendment on the ground that it constituted a new cause of action. Judge Sedgwick dissented on the ground that it was not even necessary to set out the cause of action—but only the nature of the claim. Without commenting further on that point it appears that the case is quite dissimilar from the one at bar. There is ground under the statute (§ 25–852, supra) for holding that amendment may not change substantially the claim. In the case at bar the claim is still the same, the only effect of the amendment being to correct the plaintiff by adding the name of the omitted partner. The Packer case, supra, seems ample and specific authority for such an amendment. The Westover case did not rely on anything peculiar to attachments but cited cases dealing with pleadings where amendments introducing new causes of action were not permitted. It may also be of note that insofar as revealed by Shepard's citator, the case has never been cited by any court in its fifty-five years on the books.

In summary it should be stated:

1) This is a removed case based on a foreign attachment in the state courts.

2) The plaintiffs are individual partners suing jointly on causes of action due the partnership.

3) The plaintiffs should file an amended petition and an amended affidavit for attachment.

The Motion for Summary Judgment, (and the inferred motion to quash the affidavit) are overruled. The Motion to Amend the Petition, (and inferentially the affidavit) is sustained.